UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEFENDERS OF WILDLIFE, THE HUMANE ) 
SOCIETY OF THE UNITED STATES, and )
THE OCEAN CONSERVANCY )
                                                 )      Case No. 1:05CV02191
             Plaintiffs, )
                                                   )
     v. )
                                                   )
CARLOS GUTIERREZ, in his official capacity )
as Secretary of the Department of Commence, and )
WILLIAM T. HOGARTH, in his official capacity )
as Assistant Administrator for Fisheries, National )
Marine Fisheries Service )
                                                   )
            Defendants. )
_____)

## ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Federal Defendants, Carlos Gutierrez, in his official capacity as Secretary of the

Department of Commerce, and William T. Hogarth, in his official capacity as the Assistant

Administrator for Fisheries of the National Marine Fisheries Service, (hereafter collectively

referred to as "NMFS"), in response to Plaintiffs' Complaint for Declaratory and Injunctive

Relief, hereby respond, state, and aver as follows:

      1.      The allegations in the first sentence of Paragraph 1 consist of Plaintiffs'

characterization of their lawsuit, to which no response is required.  To the extent a response is

required, the allegations are denied.  Certain allegations in the second sentence of Paragraph 1

purport to characterize two Federal Register notices, set forth at 70 Fed. Reg. 36,121 (2005), and

69 Fed. Reg. 30,857, 30,8585 (2004), which speak for themselves and are the best evidence of

their contents; to the extent the allegations are inconsistent with those documents, they are

denied.  In response to the remaining allegations in the second sentence of Paragraph 1, NMFS

admits that on September 29, 2005, it denied Plaintiffs' petition for emergency rulemaking

requiring reduced speeds for, or the rerouting of, marine vessels in North Atlantic right whale

habitat.

      2.      The allegations in Paragraph 2 consist of conclusions of law, to which no

                 response

is required.  To the extent a response is required, the allegations are denied.

## JURISDICTION

      3.      The allegations in Paragraph 3 consist of conclusions of law, to which no

                 response

is required.

## PARTIES

**A.**     **Plaintiffs**

      4.      NMFS lacks sufficient information to ascertain the truth of the allegations in

Paragraph 4, and on that basis, denies them.

      5.      NMFS lacks sufficient information to ascertain the truth of the allegations in

Paragraph 5, and on that basis, denies them.

      6.      NMFS lacks sufficient information to ascertain the truth of the allegations in

Paragraph 6, and on that basis, denies them.

      7.      NMFS lacks sufficient information to ascertain the truth of the allegations in

Paragraph 7, and on that basis, denies them.

      8.      NMFS lacks sufficient information to ascertain the truth of the allegations in

Paragraph 8, and on that basis, denies them.

9.      NMFS lacks sufficient information to ascertain the truth of the allegations in

Paragraph 9, and on that basis, denies them.

**B.**    **Defendants**

10.     NMFS admits the allegations in Paragraph 10.

11.     NMFS admits the allegations in Paragraph 11.

**STATUTORY FRAMEWORK AND FACTS ALLEGEDLY GIVING
RISE TO PLAINTIFFS' CAUSES OF ACTION**

**A.**    **Statutory and Regulatory Framework**

**1.**      **The Endangered Species Act**

12.     The allegations in the first sentence of Paragraph 12 purport to characterize the

legal opinion set forth at <u>Tennessee Valley Authority v. Hill</u>, 437 U.S. 153, 180, 185 (1978), a

document which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with that document, they are denied.  The allegations in the second

sentence of Paragraph 12 purport to characterize the Endangered Species Act ("ESA"), 16

U.S.C. §§ 1531 *et seq.*, a statute which speaks for itself and is the best evidence of its content; to

the extent the allegations are inconsistent with that statute, they are denied.  The allegations in

the third sentence purport to characterize implementing regulations of the ESA, 50 C.F.R. §

222.101(a) a regulation which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that regulation, they are denied.

13.     The allegations in the first sentence of Paragraph 13 purport to characterize the

ESA, 16 U.S.C. § 1532(6), a statute which speaks for itself and is the best evidence of its

content; to the extent the allegations are inconsistent with that statute, they are denied.  NMFS

admits the allegations in the second sentence of Paragraph 13.

14.     The allegations in the first three sentences of Paragraph 14 purport to characterize the ESA, 16 U.S.C. § 1538, and the regulation set forth at 50 C.F.R. § 17.21, documents which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those documents, they are denied.  The allegations in the fourth sentence of Paragraph 14 purport to characterize the ESA, 16 U.S.C. § 1532(19), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

15.     The allegations in the first sentence of Paragraph 15 purport to characterize the ESA, 16 U.S.C. § 1540(f), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.  The allegations in the second sentence of Paragraph 15 purport to characterize the ESA, 16 U.S.C. §§ 1533(a)(3), (f)(1), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

16.     The allegations in Paragraph 16 purport to characterize the ESA, 16 U.S.C. § 1536, a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

**2.    The Marine Mammal Protection Act**

17.     The allegations in Paragraph 17 purport to characterize the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361, a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

18.     The allegations in Paragraph 18 purport to characterize the MMPA, 16 U.S.C. §§ 1372(a), 1362(13), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

19.     The allegations in Paragraph 19 purport to characterize the MMPA, 16 U.S.C. § 1382(a), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

20.     NMFS admits the allegations in Paragraph 20.

21.     NMFS admits the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 purport to characterize the denial of Plaintiffs' petition for rulemaking, set forth at 70 Fed. Reg. 56,884 (Sept. 29, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

23.     NMFS admits the allegations in Paragraph 23.

24.     The allegations in the first sentence of Paragraph 24 purport to characterize NMFS' 2003 Stock Assessment, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied. The remaining allegations in Paragraph 24 are vague, unsubstantiated, and insufficient for NMFS to assess the validity of the allegations; to the extent that the allegations are based on a specific document, that document speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

25.     The allegations in the first sentence of Paragraph 25 purport to characterize NMFS' Right Whale Recovery Plan, a document which speaks for itself and is the best evidence

of its content; to the extent the allegations are inconsistent with that document, they are denied.

The allegations in the second sentence of Paragraph 25 are from an unidentified document, but to

extent that statement is quoted from an official NMFS document, that document speaks for itself

and is the best evidence of its content; to the extent the allegations are inconsistent with that

document, they are denied.  To the extent the allegations quoted are not from official NMFS

document, NMFS is unaware of the source document and denies the allegations on that basis.

26.     NMFS admits the allegations in Paragraph 26.

27.     In response to the allegations in Paragrah 27, NMFS admits that it has designated

critical habitat for the North Atlantic right whale.  The remaining allegations purport to

characterize the ESA and implementing regulations, 16 U.S.C. § 1532(5)(A)(I), and 50 C.F.R. §

226.203, which speak for themselves and are the best evidence of their content; to the extent the

allegations are inconsistent with those documents, they are denied.

28.     The allegations in Paragraph 28 purport to characterize the ESA, 16 U.S.C. §

1533(f), a statute which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with that statute, they are denied.  NMFS admits that it has issued a

recovery plan for the North Atlantic right whale.

29.     In response to the allegation in the first sentence of Paragraph 29, as stated in the

Advance Notice of Proposed Rulemaking ("ANPR"), set forth at 69 Fed. Reg. 30, 857 (June 1,

2004), NMFS has stated that "[m]ortality due to entanglements in fishing gear and collisions

with ships are the two significant human-caused threats to right whales."  The allegations in the

second sentence of Paragraph 29 purport to characterize the North Atlantic right whale recovery

plan, a document which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with that document, they are denied.  In response to the allegation in

the third sentence of Paragraph 29, upon information and belief, Plaintiffs purport to characterize

statements set forth in Kraus et al., *North Atlantic Right Whales in Crisis*, SCIENCE, Vol 309,

July 19, 2005, a document which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

30.     In response to the allegations in the first sentence of Paragraph 30, NMFS agrees

that right whales occupy waters traversed by thousands of ships.  NMFS admits the allegations in

the second sentence of Paragraph 30.

31.     NMFS admits the allegations in Paragraph 31.

32.     NMFS denies the allegation in the first sentence of Paragraph 33.  Upon

information and belief, the allegation in the second through fourth sentences of Paragraph 32

purport to characterize *North Atlantic Right Whales in Crisis*, a document which speaks for itself

and is the best evidence of its content; to the extent the allegations are inconsistent with that

document, they are denied.

33.     Upon information and belief, the allegation in Paragraph 33 purport to

characterize *North Atlantic Right Whales in Crisis*, a document which speaks for itself and is the

best evidence of its content; to the extent the allegations are inconsistent with that document,

they are denied.

34.     The allegations in Paragraph 34 purport to characterize the ANPR, 69 Fed. Reg.

30, 857, a document which speaks for itself and is the best evidence of its content; to the extent

the allegations are inconsistent with that document, they are denied.

35.     In response to the allegations in the first sentence of Paragraph 35, NMFS denies

Plaintiffs' characterization, but admits that as of May 2005, NMFS had not issued a proposed rulemaking concerning ship strike reductions. In response to the second sentence of Paragraph 35, NMFS admits that it received a formal Rulemaking Petition from Plaintiffs and other organizations, but denies the remaining allegations because it lacks sufficient evidence to verify Plaintiffs' motivation for submitting that petition.

36.    The allegations in Paragraph 36 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

37.    The allegations in Paragraph 37 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

38.    The allegations in Paragraph 38 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

39.    The allegations in Paragraph 39 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

40.    NMFS admits the allegations in the first sentence of Paragraph 40. The allegations in the second and third sentences of Paragraph 40 purport to characterize a document set forth at 70 Fed. Reg. 36,121 (June 22, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

41.    NMFS admits the allegations in the first sentence of Paragraph 41.  The allegations in the second and third sentences of Paragraph 41 purport to characterize a document set forth at 70 Fed. Reg. 56,884 (September 29, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

42.    The allegations in Paragraph 42 purport to characterize a document set forth at 70 Fed. Reg. 56,884 (September 29, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

43.    The allegations in Paragraph 43 purport to characterize a document set forth at 70 Fed. Reg. 56,884 (September 29, 2005), and a September 14, 2005 letter, documents which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those documents, they are denied.

44.    NMFS denies the allegations in Paragraph 44.

### PLAINTIFFS' CLAIM FOR RELIEF

45.    The allegations in Paragraph 45 purport to characterize Plaintiffs' complaint and involve conclusions of law, to which no response is required.  To the extent a response is required, NMFS denies the allegations in Paragraph 45.

46.    The allegations in Paragraph 46 purport to characterize Plaintiffs' complaint and involve conclusions of law, to which no response is required.  To the extent a response is required, NMFS denies the allegations in Paragraph 46.

### PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiffs are entitled to the relief requested in their Complaint (Paragraphs 1-5) or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs lack standing to bring their claim for relief.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, that the Court grant Defendants their costs of suit, and that the Court order such other and further relief as the Court may allow.


Respectfully submitted this 9th day of January, 2006.


SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JEAN E. WILLIAMS, Chief

   /s/ *Bridget Kennedy McNeil*
BRIDGET KENNEDY McNEIL, Trial Attorney
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369

10

Washington, D.C. 20044-7369
Tel: (202) 305-0388/ Fax: (202)305-0275
bridget.mcneil@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2006, I electronically filed the

foregoing **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR**

**DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of Court using the ECF/CM

system, which will generate an electronic Notice of Filing on:

**Howard M. Crystal**
howardcrystal@meyerglitz.com

**Eric Robert Glitzenstein**
eric@meyerglitz.com

Pursuant to the Court's mailing information for this case, listed on the ECF system, no

parties require manual noticing.

*_Bridget Kennedy McNeil_____*