UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Defenders of Wildlife, et al. ) | |
| ) | No. 05-2191 (PLF) |
| v. ) | |
| ) | |
| Carlos Gutierrez, et al. ) | |

**PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT
AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs hereby move to file an Amended Complaint in this action concerning the critically imperiled North Atlantic right whale. The Amended Complaint adds an additional legal theory for plaintiffs' claim against the Department of Commerce's National Oceanic and Atmospheric Administration ("NOAA Fisheries"), and adds a closely related claim against the Department of Homeland Security's U.S. Coast Guard ("Coast Guard") – the two federal agencies responsible for protecting right whales from the urgent threats posed by collisions with marine vessels.

**Background**

The North Atlantic right whale is the most endangered whale off American coasts, with less than 300 individuals remaining. See Amended Complaint, ¶¶ 37-42 (attached). Collisions with ships are one of the two largest threats facing the species. Of nine right whales deaths in the past two years, four resulted from ship strikes, and an additional whale found dead earlier this week also appears to have been a victim of such a collision. Id. ¶47.

Both the Department of Commerce's National Oceanic and Atmospheric Administration ("NOAA Fisheries"), and the Department of Homeland Security's U.S. Coast Guard ("Coast Guard"), have the authority, and responsibility, to address these ship strikes. In particular, these

agencies may impose regulatory measures to reroute vessels in right whale habitat or insure that vessels traveling these areas proceed in a slow, safe manner designed to minimize the chances of a collision with a right whale. Id. ¶ 49.

In an effort to convince NOAA Fisheries to exercise its authority, plaintiffs submitted a Rulemaking Petition to that agency requesting emergency regulations to protect right whales. The Petition asked NOAA Fisheries to reroute vessels to avoid right whale habitat, or to require vessels to travel at slow speeds in these areas to minimize the risks of ship strikes. On September 29, 2005 NOAA Fisheries denied the Petition. Id. ¶¶ 53-60.

In a similar effort to prompt the Coast Guard to take appropriate steps to protect right whales, on November 3, 2005, plaintiffs sent to the Coast Guard and NOAA Fisheries a sixty-day notice letter pursuant to Section 11(g) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g), detailing the Coast Guard's obligations to address the impacts of the agencies' activities on right whales, and notifying the agency that plaintiffs intend to pursue their ESA claims unless the Coast Guard remedies these violations in sixty days. Plaintiffs' principal allegation is that the Coast Guard and NOAA Fisheries are obligated to consult under Section 7 of the ESA to insure that all "action[s] authorized, funded, or carried out" by the Coast Guard are "not likely to jeopardize the continued existence of" the right whale. 16 U.S.C. § 1536(a)(2). The result of that consultation would be a Biological Opinion ("BO") issued by NOAA Fisheries. 16 U.S.C. § 1536(b)(3). If the BO concludes that actions the Coast Guard is authorizing are likely to jeopardize the continued existence of the species, or result in the destruction or adverse modification of the species' critical habitat, NOAA Fisheries would identify "reasonable and prudent alternatives" which, if implemented, would prevent such a violation. Id.; 50 C.F.R.

§ 402.14(h)(3).

On November 9, 2005, plaintiffs filed their original Complaint in this action, challenging NOAA Fisheries' denial of plaintiffs' Rulemaking Petition as "arbitrary and capricious" in violation of the Administrative Procedure Act, 5 U.S.C. § 706. See Complaint. Because plaintiffs intended to file an Amended Complaint to add an additional legal theory against NOAA Fisheries, as well as to present its closely related claim against the Coast Guard once the required sixty-day notice period passed, plaintiffs contacted defendants' counsel to suggest that the parties agree to a schedule for the filing of an Amended Complaint and a single responsive pleading.

Rather than agree to this approach, however, defendants insisted on filing an Answer before plaintiffs amended their Complaint, see Answer (Jan. 9, 2006), and have indicated that they will oppose the filing of an Amended Complaint.

## Argument

Plaintiffs' request to file an Amended Complaint should be granted. The Amended Complaint would simply add an additional legal theory for plaintiffs' Claim against NOAA Fisheries' denial of the Rulemaking Petition – i.e., that NOAA Fisheries is violating its obligations under ESA Section 7(a)(1) to use its authorities to protect and recover the North Atlantic right whale, 16 U.S.C. § 1536(a)(1) (see Amended Complaint, Claim One) – and a closely related Claim against the Coast Guard. Id., Claim Two. In both Claims, plaintiffs are seeking to require appropriate federal officials to take the necessary – and required – steps to stem the ongoing killing of the critically imperiled right whale through collisions with marine vessels.

As the Supreme Court has emphasized, Rule 15(a) "declares that leave to amend 'shall be freely given when justice so requires,' [and] this mandate is to be heeded" in considering such a motion. Foman v. Davis, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a). Indeed, the Court further explained that as long as the "facts or circumstances relied upon by a plaintiff may be a proper subject of relief" – which is plainly the case here – a plaintiff is entitled to file an Amended Complaint unless the defendant can demonstrate "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id.

Certainly, defendants cannot seriously maintain that any of these bases to deny a party an amendment to a pleading exist here. There has been no delay, since the case was recently filed, and defendants just filed their Answer. Similarly, there is no prejudice to defendants, particularly since plaintiffs offered to extend the deadline for defendants to file their Answer so that the Amended Complaint could be filed first, thereby obviating the need for defendants to respond to two separate pleadings – an offer defendants inexplicably refused. See also, e.g., Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir. 1996) (applying Foman standards)

In short, because it is well recognized that the "purpose of [Rule] 15(a) is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities," United States v. Hicks, 283 F.3d 380, 387 (D.C. Cir. 2002)(citations omitted), plaintiffs' motion to file the attached Amended Complaint should be granted. See also, e.g., Jackson v. District of Columbia, 254 F.3d 262, 267 (D.C. Cir. 2001) ("leave to amend should be

freely given when justice so requires, [ ] absent any apparent or declared reason – such as undue delay, bad faith[,] ... [or] undue prejudice to the opposing party")(other citations omitted).

## Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs' Motion to file the attached Amended Complaint in this action.

Respectfully submitted,

Howard M. Crystal (D.C. Bar No. 446189)
Eric R. Glitzenstein (D.C. Bar No. 358287)

Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C.  20009
(202) 588-5206

Of Counsel:

Michael P. Senatore (D.C. Bar No. 453116)
Andrew Hawley (Cal. Bar No. 229274)
Defenders of Wildlife
1130 Seventeenth Street, N.W.
Washington, D.C.  20036

Attorneys for Plaintiffs

January 12, 2006