UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE, THE HUMANE SOCIETY OF THE UNITED STATES, and THE OCEAN CONSERVANCY | ) ) ) | |
| | ) | Case No. 1:05CV02191 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ, in his official capacity as Secretary of the Department of Commence, and WILLIAM T. HOGARTH, in his official capacity as Assistant Administrator for Fisheries, National Marine Fisheries Service | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Federal Defendants, Carlos Gutierrez, in his official capacity as Secretary of the

Department of Commerce, and William T. Hogarth, in his official capacity as the Assistant

Administrator for Fisheries of the National Marine Fisheries Service, (hereafter collectively

referred to as "NMFS"), and Michael Chertoff, in his official capacity as Secretary of the

Department of Homeland Security, and Admiral Thomas H. Collins, in his official capacity as

Commandant of the United States Coast Guard, (hereafter collectively referred to as "Coast

Guard"), in response to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief,

hereby respond, state, and aver as follows:

1.      The allegations in the first sentence of Paragraph 1 consist of Plaintiffs'

characterization of their lawsuit, to which no response is required.  To the extent a response is

required, the allegations are denied.  The allegations in the second sentence of Paragraph 1

purport to characterize NMFS' 2003 Stock Assessment, a document which speaks for itself and

is the best evidence of its content; to the extent the allegations are inconsistent with that

document, they are denied.  The remaining allegations in Paragraph 1 are vague, unsubstantiated,

and insufficient for NMFS and Coast Guard to assess the validity of the allegations; to the extent

that the allegations are based on a specific document, that document speaks for itself and is the

best evidence of its content; to the extent the allegations are inconsistent with that document,

they are denied.

       2.      The allegations in Paragraph 2  consist of Plaintiffs' characterization of their

lawsuit, to which no response is required.  To the extent a response is required, the allegations

are denied.

       3.      In response to the allegations in the first sentence of Paragraph 3, NMFS admits

that, as stated in the Advance Notice of Proposed Rulemaking ("ANPR"), set forth at 69 Fed.

Reg. 30, 857 (June 1, 2004), it is "considering regulations to implement a strategy to reduce

mortalities to North Atlantic right whales as a result of vessel collisions." Id.  In response to the

allegations in the second sentence of Paragraph 3, NMFS admits that on September 29, 2005, it

denied Plaintiffs' petition for emergency rulemaking requiring reduced speeds for, or the

rerouting of, marine vessels in North Atlantic right whale habitat, but denies the remaining

allegations in the second sentence of Paragraph 3.  The allegations in the third sentence of

Paragraph 3 consist of conclusions of law, to which no response is required.  To the extent a

response is required, the allegations are denied.

       4.      The allegations in the first sentence of Paragraph 4 purport to characterize Section

7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), a statute which speaks

for itself and is the best evidence of its content; to the extent the allegations are inconsistent with

the plain language of that statute, or too vague, unsubstantiated, and insufficient for the Coast

Guard to assess,  they are denied.  The allegations in the second sentence of Paragraph 4 consist

of conclusions of law, to which no response is required.  To the extent a response is required, the

allegations are denied.

5.       The allegations in the first sentence of Paragraph 5 purport to characterize Section

7(a)(1) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(1), a statute which speaks

for itself and is the best evidence of its content; to the extent the allegations are inconsistent with

the plain language of that statute, they are denied.  The allegations in the second sentence of

Paragraph 5 consist of conclusions of law, to which no response is required.  To the extent a

response is required, the allegations are denied.

### JURISDICTION

6.       The allegations in Paragraph 6 consist of conclusions of law, to which no

           response

is required.

### PARTIES

7.       NMFS and Coast Guard lack sufficient information to ascertain the truth of the

allegations in Paragraph 7, and on that basis, deny them.

8.       NMFS and Coast Guard lack sufficient information to ascertain the truth of the

allegations in Paragraph 8, and on that basis, deny them.  NMFS and Coast Guard deny the

allegations in the second sentence of Paragraph 8.

9.       NMFS and Coast Guard lack sufficient information to ascertain the truth of the

allegations in Paragraph 9, and on that basis, deny them.

10.     NMFS and Coast Guard lack sufficient information to ascertain the truth of the allegations in Paragraph 10, and on that basis, deny them.  NMFS and Coast Guard deny the allegations in the second sentence of Paragraph 10.

11.     NMFS and Coast Guard lack sufficient information to ascertain the truth of the allegations in Paragraph 11, and on that basis, deny them.

12.     NMFS and Coast Guard lack sufficient information to ascertain the truth of the allegations in Paragraph 12, and on that basis, deny them.  NMFS and Coast Guard deny the allegations in the second sentence of Paragraph 12.

13.     NMFS and Coast Guard lack sufficient information to ascertain the truth of the allegations in the first three sentences of Paragraph 13, and on that basis, deny them.  NMFS and Coast Guard deny the allegations in the fourth sentence of Paragraph 13.

14.     NMFS admits the allegations in Paragraph 14.

15.     NMFS admits the allegations in Paragraph 15.

16.     The Coast Guard admits the allegations in Paragraph 16.

17.     The Coast Guard admits the allegations in Paragraph 17.

**STATUTORY FRAMEWORK AND FACTS ALLEGEDLY GIVING
RISE TO PLAINTIFFS' CAUSES OF ACTION**

18.     The allegations in the first sentence of Paragraph 18 purport to characterize the legal opinion set forth at Tennessee Valley Authority v. Hill, 437 U.S. 153, 180, 185 (1978), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.  The allegations in the second sentence of Paragraph 18 purport to characterize the Endangered Species Act ("ESA"), 16

U.S.C. §§ 1531 *et seq.*, a statute which speaks for itself and is the best evidence of its content; to

the extent the allegations are inconsistent with that statute, they are denied.  The allegations in

the third sentence purport to characterize implementing regulations of the ESA, 50 C.F.R. §

222.101(a) a regulation which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that regulation, they are denied.

       19.     The allegations in the first sentence of Paragraph 19 purport to characterize the

ESA, 16 U.S.C. § 1532(6), a statute which speaks for itself and is the best evidence of its

content; to the extent the allegations are inconsistent with that statute, they are denied.  NMFS

admits the allegations in the second sentence of Paragraph 19.

       20.     The allegations in Paragraph 20 purport to characterize the ESA, 16 U.S.C. §

1536, and the regulation set forth at 50 C.F.R. § 402.14(d), documents which speaks for

themselves and are the best evidence of their content; to the extent the allegations are

inconsistent with those documents, they are denied.

       21.     The allegations in Paragraph 21 purport to characterize the ESA, 16 U.S.C. §

1536, and the regulation set forth at 50 C.F.R. § 402.14(h)(3), documents which speaks for

themselves and are the best evidence of their content; to the extent the allegations are

inconsistent with those documents, they are denied.

       22.     The allegations in Paragraph 22 purport to characterize the ESA, 16 U.S.C. §

1536, and the regulations set forth at 50 C.F.R. §§ 402.14(i), 402.15(a), documents which speak

for themselves and are the best evidence of their content; to the extent the allegations are

inconsistent with those documents, they are denied.

       23.     The allegations in Paragraph 23 purport to characterize the ESA, 16 U.S.C. §

1536(a)(1), a statute which speaks for itself and is the best evidence of its content; to the extent

the allegations are inconsistent with that statute, they are denied.

24.     The allegations in the first two sentences of Paragraph 24 purport to characterize

the ESA, 16 U.S.C. § 1538, and the regulation set forth at 50 C.F.R. § 17.21, documents which

speak for themselves and are the best evidence of their content; to the extent the allegations are

inconsistent with those documents, they are denied.  The allegations in the fourth sentence of

Paragraph 24 purport to characterize the ESA, 16 U.S.C. § 1532(19), a statute which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with

that statute, they are denied.

25.     The allegations in the first sentence of Paragraph 25 purport to characterize the

ESA, 16 U.S.C. § 1540(f), a statute which speaks for itself and is the best evidence of its content;

to the extent the allegations are inconsistent with that statute, they are denied.  The allegations in

the second sentence of Paragraph 25 purport to characterize the ESA, 16 U.S.C. §§ 1533(a)(3),

(f)(1), a statute which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with that statute, they are denied.

26.     The allegations in Paragraph 26 purport to characterize the Marine Mammal

Protection Act ("MMPA"), 16 U.S.C. § 1361, a statute which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with that statute, they are

denied.

27.     The allegations in Paragraph 27 purport to characterize the MMPA, 16 U.S.C. §§

1372(a), 1362(13), a statute which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that statute, they are denied.

28.     The allegations in Paragraph 28 purport to characterize the MMPA, 16 U.S.C. §§ 1382(a), (b), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

29.     The allegations in Paragraph 29 purport to characterize the Ports and Waterways Safety Act ("PWSA"), 33 U.S.C. § 1221, a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

30.     The allegations in Paragraph 29 purport to characterize the PWSA, 33 U.S.C. § 1223(a)(1), and the regulation set forth at 33 C.F.R. § 161.1(b), documents which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those documents, they are denied.

31.     The allegations in Paragraph 31 purport to characterize the PWSA, 33 U.S.C. § 1223(a)(4), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

32.     The allegations in Paragraph 32 purport to characterize the PWSA, 33 U.S.C. § 1223(c), and the regulation set forth at 33 C.F.R. § 167.5(b), documents which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those documents, they are denied.

33.     The allegations in Paragraph 33 purport to characterize the implementing regulations of the PWSA, 33 C.F.R. §§ 167.5(a), (e), documents which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those documents, they are denied.

34.    The allegations in Paragraph 34 purport to characterize the PWSA, 33 U.S.C. §§ 1223(c)(3)(a),(b) a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

35.    The allegations in Paragraph 35 purport to characterize the PWSA, 33 U.S.C. § 1224(a), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

36.    The allegations in Paragraph 36 purport to characterize the PWSA, 33 U.S.C. §§ 1223(c)(5)(C), 1231(b), a statute which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that statute, they are denied.

37.    The allegations in Paragraph 37 purport to characterize NMFS' Right Whale Recovery Plan, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

38.    The allegations in Paragraph 38 purport to characterize NMFS' Right Whale Recovery Plan, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

39.    The allegations in Paragraph 39 purport to characterize NMFS' Right Whale Recovery Plan, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

40.    The allegations in Paragraph 40 purport to characterize NMFS' Right Whale Recovery Plan, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

41.    NMFS admits the allegations in Paragraph 41.

42.     The allegations in the first sentence of Paragraph 42 purport to characterize

NMFS' 2003 Stock Assessment, a document which speaks for itself and is the best evidence of

its content; to the extent the allegations are inconsistent with that document, they are denied.

The remaining allegations in Paragraph 42 are vague, unsubstantiated, and insufficient for

NMFS to assess the validity of the allegations; to the extent that the allegations are based on a

specific document, that document speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

43.     The allegations in the first sentence of Paragraph 43 purport to characterize

NMFS' Right Whale Recovery Plan, a document which speaks for itself and is the best evidence

of its content; to the extent the allegations are inconsistent with that document, they are denied.

The allegations in the second sentence of Paragraph 43 are from an unidentified document, but to

the extent that statement is quoted from an official NMFS document, that document speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with

that document, they are denied.  To the extent the allegations quoted are not from official NMFS

document, NMFS is unaware of the source document and denies the allegations on that basis.

44.     In response to the allegations in Paragrah 44, NMFS admits that it has designated

critical habitat for the North Atlantic right whale.  The remaining allegations purport to

characterize the ESA and implementing regulations, 16 U.S.C. § 1532(5)(A)(i), and 50 C.F.R. §

226.203, which speak for themselves and are the best evidence of their content; to the extent the

allegations are inconsistent with those documents, they are denied.

45.     In response to the allegations in the first sentence of Paragraph 45, NMFS and

Coast Guard admit that collisions with commercial ships is one of the factors contributing to the

recent decline of the North Atlantic right whale.  In response to the allegations in the second

sentence of Paragraph 45, NMFS agrees that right whales occupy waters traversed by thousands

of ships.  The allegations in the third sentence of Paragraph 45 purport to characterize the North

Atlantic right whale recovery plan, a document which speaks for itself and is the best evidence

of its content; to the extent the allegations are inconsistent with that document, they are denied.

In response to the allegation in the fourth sentence of Paragraph 45, upon information and belief,

Plaintiffs purport to characterize statements set forth in Kraus et al., *North Atlantic Right Whales*

*in Crisis*, SCIENCE, Vol 309, July 19, 2005, a document which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with that document, they are

denied.

46.    The allegations in Paragraph 46 are too vague, unsubstantiated, or insufficient for

NMFS and the Coast Guard to assess their validity; to the extent that the allegations are based on

a specific document, that document speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

47.    The allegations in the first sentence of Paragraph 47 are too vague,

unsubstantiated, or insufficient for NMFS and the Coast Guard to assess their validity; to the

extent that the allegations are based on a specific document, that document speaks for itself and

is the best evidence of its content; to the extent the allegations are inconsistent with that

document, they are denied.  Upon information and belief, the allegations in the second sentences

of Paragraph 47 purport to characterize *North Atlantic Right Whales in Crisis*, a document which

speaks for itself and is the best evidence of its content; to the extent the allegations are

inconsistent with that document, they are denied.  The allegations in the third sentence of

Paragraph 47 purport to characterize an unidentified document, but to extent that statement is

quoted from an official NMFS document, that document speaks for itself and is the best evidence

of its content; to the extent the allegations are inconsistent with that document, they are denied.

To the extent the allegations quoted are not from official NMFS document, NMFS is unaware of

the source document and denies the allegations on that basis.  Defendants admit the allegations

in the fourth and fifth sentences.  The allegations in the sixth sentence of Paragraph 47 are

vague, unsubstantiated, and insufficient for Defendants to assess their validity; to the extent that

the allegations are based on a specific document, that document speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with that document, they are

denied.

48.     Upon information and belief, the allegations in Paragraph 48 purport to

characterize *North Atlantic Right Whales in Crisis*, a document which speaks for itself and is the

best evidence of its content; to the extent the allegations are inconsistent with that document,

they are denied.

49.     The allegations in the first sentence of Paragraph 49 purport to characterize the

ESA and the PWSA, statutes which speak for themselves and are the best evidence of their

content; to the extent the allegations are inconsistent with those statutes, they are denied.  NMFS

and Coast Guard deny the allegations in the second sentence of Paragraph 49.

50.     The allegations in the first two sentences purport to characterize the two

Mandatory Ship Reporting Systems, initially set forth at 66 Fed Reg. 58066 (November 20,

2001), a document which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with that document, they are denied.  In response to the allegations in

the third sentence, Defendants admit that there have been reported ship strikes since the implementation of these reporting systems.

51.     The allegations in Paragraph 51 purport to characterize the Advance Notice of Proposed Rulemaking ("ANPR"), set forth at 69 Fed. Reg. 30, 857 (June 1, 2004), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

52.     The allegations in the first two sentences of Paragraph 52 purport to characterize the ANPR, 69 Fed. Reg. 30, 857, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.  In response to the third sentence of Paragraph 51, the allegations are vague, unsubstantiated, and insufficient for Defendants to assess their validity; to the extent that the allegations are based on a specific document, that document speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

53.     In response to the allegations in the first sentence of Paragraph 53, NMFS denies Plaintiffs' characterization, but admits that as of May 2005, NMFS had not issued a proposed rulemaking concerning ship strike reductions.  In response to the second sentence of Paragraph 53, NMFS admits that it received a formal Rulemaking Petition from Plaintiffs and other organizations, but denies the remaining allegations because it lacks sufficient evidence to verify Plaintiffs' motivation for submitting that petition.

54.     The allegations in Paragraph 54 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

55.     The allegations in Paragraph 55 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

56.     The allegations in Paragraph 56 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

57.     The allegations in Paragraph 57 purport to characterize Plaintiffs' petition for rulemaking, a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

58.     NMFS admits the allegations in the first sentence of Paragraph 58.  The allegations in the second and third sentences of Paragraph 58 purport to characterize a document set forth at 70 Fed. Reg. 36,121 (June 22, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

59.     NMFS admits the allegations in the first sentence of Paragraph 59.  The allegations in the second and third sentences of Paragraph 59 purport to characterize a document set forth at 70 Fed. Reg. 56,884 (September 29, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are denied.

60.     The allegations in Paragraph 60 purport to characterize a document set forth at 70 Fed. Reg. 56,884 (September 29, 2005), a document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that document, they are

denied.

61.     The allegations in Paragraph 61 purport to characterize a document set forth at 70 Fed. Reg. 56,884 (September 29, 2005), and a September 14, 2005 letter, documents which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with those documents, they are denied.

62.     NMFS denies the allegations in Paragraph 62.

63.     In response to the allegations in Paragraph 63, the Coast Guard admits that right whales occur all along the eastern seaboard of the United States, and that the TSSs referenced in Paragraph 63 are set forth at 52 Fed. Reg. 33,589 (Sep. 4, 1987) (TSSs off New York); 59 Fed. Reg. 21,937 (Apr. 28, 1994) (TSSs off Chesapeake Bay); 59 Fed. Reg. 28,449 (Jun. 1, 1994) (amending Chesapeake Bay southern approach TSS); 62 Fed. Reg. 33,365 (Jun. 19, 1997) (amending NY south-eastern approach TSS); 65 Fed. Reg. 12,945 (Mar. 10, 2000) (TSSs off Delaware Bay); 68 Fed. Reg. 74,199 (2003) (initiation of PARS on Approaches to Narragansett Bay and Buzzards Bay); 67 Fed. Reg. 48,837 (Jul. 26, 2002) (initiation of PARS for  Approaches to Chesapeake Bay); 69 Fed. Reg. 3,869 (Jan. 27, 2004) (completion of PARS for Approaches to Chesapeake Bay); 70 Fed. Reg. 7,067 (Feb. 10, 2005) (initiation of PARS for Approaches to Portland, Maine); 70 Fed. Reg. 8,312 (Feb. 18, 2005) (initiation of PARS for analyzing potential vessel routing measures to reduce vessel strikes of North Atlantic right whales), and/or the International Maritime Organization, Ships Routeing, Part B-IX, pages IX/3 to IX/8-2, IMO Sales No. IB927E (8th ed. 2003); General Provisions on Ships' Routeing, IMO Res. A.572(14) (1985) (as amended), documents that speak for themselves and are the best evidence of their content;  to the extent the allegations are inconsistent with those documents, they are denied.

64.    In response to the allegations in Paragraph 64, the Coast Guard admits the TSSs

identified by the plaintiffs separate opposing streams of traffic by establishment of traffic lanes,

and that these TSSs are located in areas where right whales occur.  The Coast Guard lacks

sufficient information to ascertain the truth of the remaining allegations in Paragraph 64, and on

that basis, denies them.

65.    The Coast Guard admits the allegations in the first sentence of Paragraph 65.  The

allegations in the remainder of Paragraph 65 purport to characterize documents set forth at 65

Fed. Reg. 12,944 (2000), 68 Fed. Reg. 74,199 (2003), 69 Fed. Reg. 3,869 (2004), and 70 Fed.

Reg. 7,067 (2005), documents which speak for themselves and are the best evidence of their

content; to the extent the allegations are inconsistent with those documents, they are denied.

66.    In response to the first sentence of Paragraph 66, the Coast Guard avers that it has

established a Mandatory Ship Reporting System in coordination with NMFS to protect right

whales from ship strikes, set forth at 66 Fed. Reg. 58,066 (Nov. 20, 2001), but admits that none

of the identified PARS recommend or TSSs include vessels routes or operating requirements

specifically to protect right whales from ship strikes.  In response to the allegations in the second

sentence of Paragraph 66, to the extent the allegations call for a legal conclusion, no response is

required.  To the extent a response is required, the Coast Guard avers that it is currently

compiling the administrative record concerning Plaintiffs' claims and lacks sufficient

information at the present time to ascertain the truth of the allegations;  on that basis, the

allegations are denied.

67.    In response to the allegations in the first sentence of Paragraph 67, the Coast

Guard admits that it received written communication from NMFS concerning the Coast Guard's

Notices to Mariners; the Coast Guard avers that it responded to that document in writing.  The

Coast Guard denies the allegations in the second sentence in Paragraph 67.

68.     The allegations in Paragraph 68 purport to characterize Coast Guard and

Maritime Transportation Act of 2004, Pub. Law 108-293, § 626, a document which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with

that document, they are denied.

69.     The allegations in Paragraph 69 purport to characterize the Federal Register

Notice set forth at 70 Fed. Reg. 8,312 (2005), a document which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with that document, they are

denied.

70.     The allegations in the first sentence of Paragraph 70 purport to characterize the

Federal Register Notice set forth at 70 Fed. Reg. 8,312 (2005), a document which speaks for

itself and is the best evidence of its content; to the extent the allegation is inconsistent with that

document, it is denied.  In response to the third sentence of Paragraph 70, the Coast Guard and

NMFS admit that formal consultation on the PARS was not initiated, but NMFS and the Coast

Guard aver that the agencies have had discussions and correspondence to assist in determining

whether formal consultation is required.  Defendants deny the remaining allegations in

Paragraph 70.

71.     The allegations in Paragraph 71 purport to characterize Plaintiffs' November 3,

2005 letter, a document which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

72.     The allegations in Paragraph 72 purport to characterize Plaintiffs' November 3,

2005 letter, a document which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

73.    The allegations in Paragraph 73 purport to characterize Plaintiffs' November 3,

2005 letter, a document which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

74.    The allegations in Paragraph 74 purport to characterize Plaintiffs' November 3,

2005 letter, a document which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with that document, they are denied.

75.    In response to the allegations in Paragraph 75, the Coast Guard avers that it

responded to Plaintiffs' notice letter, but admits that it did not do so in writing.

## PLAINTIFFS' CLAIM FOR RELIEF

76.    The allegations in Paragraph 76 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, NMFS denies the allegations in Paragraph 76.

77.    The allegations in Paragraph 77 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, NMFS denies the allegations in Paragraph 77.

78.    The allegations in Paragraph 78 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, NMFS denies the allegations in Paragraph 78.

79.    The allegations in Paragraph 79 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, Coast Guard denies the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, Coast Guard denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, Coast Guard denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 purport to characterize Plaintiffs' complaint

and involve conclusions of law, to which no response is required.  To the extent a response is

required, Coast Guard denies the allegations in Paragraph 82.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which

no response is required.  To the extent a response may be deemed to be required, NMFS and

Coast Guard deny that Plaintiffs are entitled to the relief requested in their Complaint

(Paragraphs 1-9) or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, express or implied, that are not

expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted.

2.     Plaintiffs lack standing to bring their claim for relief.

18

3.     This Court lacks subject-matter jurisdiction over Plaintiffs' claims.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, that the Court grant Defendants their costs of suit, and that the Court order such other and further relief as the Court may allow.


Respectfully submitted this 16th day of February, 2006.


                                            SUE ELLEN WOOLDRIDGE
                                            Assistant Attorney General
                                            United States Department of Justice
                                            Environment and Natural Resources Division

                                            JEAN E. WILLIAMS, Chief

                                              /s/ *Bridget Kennedy McNeil*
                                            BRIDGET KENNEDY McNEIL, Trial Attorney
                                            Wildlife and Marine Resources Section
                                            Ben Franklin Station, P.O. Box 7369
                                            Washington, D.C. 20044-7369
                                            Tel: (202) 305-0388/ Fax: (202)305-0275
                                            bridget.mcneil@usdoj.gov


                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2006, I electronically filed the

foregoing **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of

Court using the ECF/CM system, which will generate an electronic Notice of Filing on:

**Howard M. Crystal**
howardcrystal@meyerglitz.com

**Eric Robert Glitzenstein**
eric@meyerglitz.com

Pursuant to the Court's mailing information for this case, listed on the ECF system, no

parties require manual noticing.


_Bridget Kennedy McNeil_____