# Meyer Glitzenstein & Crystal

1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Joshua R. Stebbins
Tanya M. Sanerib
Erin M. Tobin

Telephone (202) 588-5206
Fax (202) 588-5049
www.meyerglitz.com

March 13, 2006

**Via Email and U.S. Mail**
Bridget Kennedy McNeil
Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369

Re: <u>Defenders of Wildlife v. Gutierrez</u>, No. 05-2191 (D.D.C) (PLF)

Dear Bridget:

Now that the Court has approved our Scheduling Order, which provides that the National Marine Fisheries Service (NMFS) and the United States Coast Guard (Coast Guard) will produce their respective Administrative Records (AR) no later than March 31, 2006, we are writing to outline the materials that we expect will be included in these Records. It is our hope that by addressing these matters at this time, we can avoid any unnecessary delays before we start briefing the merits of the case.

First, with regard to the NMFS record, we understand that last year the agency issued a set of "Guidelines for Agency Administrative Records," which purported to outline the materials that NMFS would, and would not, include in ARs for Administrative Procedure Act claims. 5 U.S.C. § 706. Under those Guidelines, NMFS apparently may decide not to include in an AR a number of categories of materials related to the agency decision under review, such as e-mails exchanged between agency officials, draft documents, or other Records that were not reviewed by the decision-maker him/herself. See NOAA Fisheries Guidelines For Agency Administrative Records (March 2005).

We urge NMFS not to apply these Guidelines to the AR it will be producing here, as such an approach would run directly contrary to the D.C. Circuit's admonition that an AR should contain "neither more nor less information than [was before] the agency when it made its decision." <u>Water O. Boswell Hospital v. Heckler</u>, 749 F.2d 788, 792 (D.C. Cir. 1984).



Att. 1

Bridget Kennedy McNeil
March 13, 2006
Page 2

Certainly, with respect to NMFS's decision to deny plaintiff's petition for Emergency Regulations to protect North Atlantic right whales from ship strikes, internal agency e-mails, drafts of agency documents, and other materials that may not yet have been reviewed by James Lecky – the agency official listed as the decision-maker for this decision – are properly part of the AR.

Indeed, just last month a federal judge in Texas rejected NMFS's effort to rely on the Guidelines to keep precisely this kind of material out of an AR. See Coastal Conservation Assn v. Gutierrez, No. H-05-1214 (S.D. Tex. Feb. 17, 2006). As the Judge explained, it does not matter whether a record "literally passed before the eyes of the final agency decision maker . . . ." Id. at 4. Instead, the AR must include all "documents and records directly or indirectly considered by Defendants in making the decisions made [ ], including evidence and material that may be contrary to such decisions." Id. Accordingly, we expect that NMFS will provide the complete AR for plaintiffs' APA claim here.

As for the Coast Guard, it is our understanding that to date the Coast Guard has not engaged in Section 7 consultation under the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a), concerning the impacts of commercial shipping on North Atlantic right whales. In that event, the AR should include all the Records related to these impacts, and to the Coast Guard's consideration of whether, or how, to consult with NMFS concerning these impacts, as well as any records the Coast Guard has received from NMFS concerning the need for such a consultation.

As I said at the outset, we hope that by outlining our expectations concerning the AR at this time, we can avoid any delays down the road. To that end, please let us know within a week whether the AR we will receive on March 31, 2006 will contain the materials we have outlined here.

We look forward to hearing from you.

Sincerely,

Howard M. Crystal