

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Wildlife and Marine Resources Section*  *Telephone (202) 305-0210*
*P.O. Box 7369*  *Facsimile (202) 305-0275*
*Ben Franklin Station*
*Washington, DC 20044-7369*

April 17, 2006

Howard Crystal
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20009-1056

    Re:    Defenders of Wildlife v. Gutierrez, No. 05-2191 (D.D.C. (PLF)

Dear Howard,

    This letter responds to your correspondence of April 12, 2006, regarding your concerns with NMFS' administrative record filed in the above-captioned matter. You identify several specific categories of records you believe to be missing from the record. I have shared your concerns with my client, and I will address them in turn.

    First, you state that you believe that NMFS has "deliberately excluded email communications" based on the Guidelines for Agency Administrative Record, which directs that emails should be excluded. This is not the case. As you noted, there are at least three emails included in the administrative record. Additionally, there are eight emails listed in the privilege log that were withheld pursuant to the attorney-client privilege. NMFS informs me that there are no other emails pertaining to the plaintiffs' petition, and therefore none were improperly excluded.

    You also assert that there are additional email communications that should be included in the administrative record, based on your assumption that "NMFS' official must have exchanged many emails about the [July 2004 Advanced Notice of Proposed Rulemaking], the Rulemaking Petition, and more generally, whether and when to impose the ship strike regulations addressed in both." While NMFS' action on the plaintiffs' petition is related to the ongoing development of further regulations, emails not pertaining directly to the plaintiffs' petition are outside the proper scope of the administrative record supporting the agency action taken on that petition. That would include emails concerning the ANPR and the agency's general strategy on whether and when to impose further regulatory measures.

    Secondly, you state that "in addition to emails, there are many additional agency records addressing the key substantive and timing matters regarding the ship strike regulations that have not been included in the AR." Examples that you mention are reports, minutes and other records from meetings and presentations on development of ship strike regulations. Again, while the denial of the plaintiffs' petition is related to the ongoing agency action concerning further regulation, the proper scope of the administrative record is limited to the denial of the petition.

Att. 4

While NMFS did include some of the major background documents pertaining to these efforts, this was to demonstrate that it is indeed being proactive with regard to right whale measures; the agency included some of these major documents to illustrate the steps that they are taking. However, while additional records on the ongoing agency efforts might properly be part of an administrative record for any challenge to the final regulations implemented by NMFS, the agency believes they are not properly part of the administrative record for your limited challenge for APA review of the denial of the plaintiffs' petition.

Finally, you state that you believe that "all of the basic scientific and factual data that substantiate the need for further regulatory measures to protect right whales from ship strikes" should be added to the administrative record. As stated above, this administrative record supports the very narrow administrative action challenged in this lawsuit: the denial of plaintiffs' petition for emergency rulemaking, based on the agency's decision that expending agency resources on emergency rulemaking would delay the implementation of the entire long-term strategy for reduction of ship strike. The need for further regulatory measures is not in dispute.

In an effort to reach an agreement on this dispute, you state that plaintiffs would not insist on the addition of such materials if NMFS does not object to your use of materials posted on any NMFS website. NMFS agrees that this is an appropriate method to address your concern, and will not object to the use of these materials for the purposes of this litigation.

Please contact me with any further questions or concerns.

Sincerely,

/s/  Bridget Kennedy McNeil