**Meyer Glitzenstein & Crystal**
1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Tanya M. Sanerib

Telephone (202) 588-5206
Fax (202) 588-5049
meyerglitz@meyerglitz.com

April 19, 2006

**Via Email and U.S. Mail**
Bridget Kennedy McNeil
Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369

Re:    Defenders of Wildlife v. Gutierrez, No. 05-2191 (D.D.C.) (PLF)

Dear Bridget:

I am writing to respond to your April 17, 2006 letter concerning the NMFS Administrative Record (AR), which was in response to plaintiffs' April 12, 2006 letter raising several concerns. Unfortunately, your letter did not resolve those concerns.

First, with regard to emails, meeting minutes, reports and other records related to NMFS' actions to address ship strike, NMFS' position that records "not pertaining <u>directly</u> to plaintiffs' petition" are not part of the AR – including "emails concerning the [rulemaking] and the agency's general strategy on whether and when to impose further regulatory measures" – is untenable. Apr. 17, 2006 Letter (NMFS Letter) at 1 (emphasis added). In the decision under review denying plaintiffs' request for emergency regulations, NMFS summarized the proactive steps it claims to be taking for right whales, including specifically its ship strike reduction strategy, which is aimed at putting into place the precise regulations that plaintiffs requested on an emergency basis. 70 Fed. Reg. 56,885, 56,886 (AR 2). The agency then denied the Petition, stating that it was doing so because the agency had concluded that, in light of these measures, granting the Petition would "duplicate agency efforts and reduce agency resources for a more comprehensive strategy, as well as risk delaying implementation of the draft strategy." Id.

In light of this rationale, plaintiffs fail to understand how records related to the timing and substance of the "general strategy," which, again, was the entire rationale for the decision to deny the emergency petition, are not part of the AR here – as you implicitly recognize in

Bridget Kennedy McNeil
April 19, 2006
Page 2

acknowledging that "the denial of the plaintiffs' petition <u>is related to the ongoing agency action concerning further regulations</u>." NMFS Letter at 1. Indeed, if NMFS' position is that its general strategy – and the rulemaking it claims it will undertake to put the measures covered by the emergency rulemaking petition in place – is somehow entirely irrelevant to its decision to deny the Petition, then it is not clear to plaintiffs on what basis NMFS will defend its decision here, particularly given your assertion that "[t]he need for further regulatory measures is not in dispute." <u>Id.</u> at 2.

Moreover, NMFS is engaged in classic cherry-picking of the AR here, by selectively including records that do not relate "directly" to the rulemaking petition, in order to "demonstrate that [the agency] is indeed being proactive with regard to right whale measures [and] to illustrate the steps that they are taking." <u>Id.</u> Having chosen to include these records, NMFS must add to the AR <u>all</u> of the records that relate to the steps it had, and had not, taken – until the time the rulemaking petition was denied – to put the ship strike regulations sought by the petition into place.

Furthermore, while our April 12, 2006 letter also addressed NMFS' failure to include <u>drafts</u> of records in the AR, your response does not address this issue. Please let us know whether NMFS intends to add draft documents to the AR, and if not, whether the agency intends to, at minimum, prepare a Privilege Log for such records, as we discussed in our earlier letter.

Finally, it appears that we have an agreement concerning the manner in which we will handle the basic scientific and factual data at issue here. As we have agreed, to the extent plaintiffs use that material in support of their arguments here, such as documents on NMFS web sites or other scientific materials, they will submit them directly to the Court, and defendants have agreed not to object to such submissions.

Since we need to decide how we are going to proceed by the end of the week, please let us know within the next several days whether NMFS intends to add any materials to the AR, or if, as you indicated in your last letter, NMFS is going to stick to the AR it has produced for this case thus far.

We look forward to hearing from you.

Sincerely,

Howard M. Crystal