

U.S. Department of Justice

Environment and Natural Resources Division

---

*Wildlife and Marine Resources Section*  *Telephone (202) 305-0210*
*P.O. Box 7369*  *Facsimile (202) 305-0275*
*Ben Franklin Station*
*Washington, DC 20044-7369*

April 20, 2006

Howard Crystal
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20009-1056

    Re:    Defenders of Wildlife v. Gutierrez, No. 05-2191 (D.D.C. (PLF)

Dear Howard,

    This letter responds to your correspondence of April 19, 2006, regarding your concerns with NMFS' administrative record filed in the above-captioned matter. I have shared them with my client, and I will address them in turn.

    You challenge NMFS' position that records not pertaining directly to plaintiffs' petition are outside the scope of the administrative record for this action. To ensure that there is no misunderstanding onthe scope of the record, this letter will elaborate on NMFS' position. Clearly, documents that directly reference the agency action on the plaintiffs' petition are within the scope of the record for a challenge to the agency's final agency action on the petition. Examples of such documents would be AR 2, 5, 6, 14, 15, and 16. Additionally, all of the documents listed in the privilege log would fall in this category, but are withheld pursuant to the attorney-client privilege.

    Furthermore, NMFS' Federal Register Notice denying the petition, and the September 19, 2005 letter informing your clients of that decision, reference several specific actions that NMFS is undertaking which supported its determination that engaging in the emergency rulemaking requested by your clients "would curtail full public notice, comment and environmental analysis, duplicate agency efforts and reduce agency resources for a more comprehensive strategy, as well as risk delaying implementation of the draft Strategy." 70 Fed. Reg. 56,884, 56,885 (Sept. 29, 2005). These actions include the ANPR, the NEPA process analyzing the draft strategy outlined in the ANPR, and enhancement of non-regulatory measures, such as ongoing issuances of information to mariners on how to best avoid ship strikes. Accordingly, the administrative record also includes these documents, as they support NMFS' decisionmaking process. Examples of these documents would be AR 3, 7, 8, 9, 11, 12, 17 and 27. Because NMFS' rationale for denying the emergency rulemaking petition was based on providing the full range of public notice and comment procedures required by the Administrative Procedure Act, and because of the high level of interest and controversy surrounding the draft strategy outlined in the ANPR, NMFS believes that the public comments received on the ANPR and the public meetings held are also part of the administrative record. Examples of these

documents would be AR 21 through 26.

Your letter expresses concern that NMFS has engaged in "cherry-picking" by including only positive documents. In light of your concern, NMFS has reviewed the propriety of including this documents and has concluded that it will exclude certain documents from the record. Thus, in response to your concern, NMFS will notify the Court of amendment to the record to exclude AR documents 1, 4, 10, 13, and 18-20. We will be filing an amended index with the Court and the parties shortly, directing them the remove these documents from the administrative record.

Finally, you mention that our April 17, 2006 letter does not address your concern about drafts of administrative record documents. The privilege log does include drafts of the September 19, 2005 letter which were withheld because of attorney advice and comments on those drafts. I have been advised that there may be one additional draft of this letter, which makes only basic grammatical changes such as removing or adding commas and so forth. If you would like to review this letter to possibly supplement the administrative record, we can discuss this, but from what I understand it would add absolutely nothing to the administrative record and was not included for that reason. NMFS is conducting a further review for any additional draft documents, but believes that the record for the denial of your petition is currently complete.

Please contact me with any further questions, or once your clients determine how they intend to proceed.

Sincerely,

/s/  Bridget Kennedy McNeil