UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE *et al.*, | ) | |
| | ) | Case No. 1:05CV02191 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORDS**

Plaintiffs, Defenders of Wildlife, The Humane Society of the United States, and The Ocean
Conservancy, bring an Administrative Procedure Act (APA), 5 U.S.C. § 706, challenge to the
National Marine Fisheries Service's ("NMFS") denial of Plaintiffs' petition to implement emergency
regulations to reduce the risk of ship strikes to the endangered North Atlantic right whale ("right
whale"). Plaintiffs also sue the United States Coast Guard ("Coast Guard"), alleging that the Coast
Guard is required, but has failed, to consult with NMFS under the Endangered Species Act
("ESA"), 16 U.S.C. § 1536(a)(2) in connection with several Traffic Separation Schemes.

On June 2, 2006, Plaintiffs moved to supplement the administrative record with ten scientific
documents, six Federal Register Notices, one item from the original NMFS administrative record,
an internal Coast Guard memo, and a letter from the Marine Mammal Commission ("MMC") to
NMFS. It is well-established, however, that judicial review of agency action is confined to the
administrative record before the agency at the time it made the challenged decision. Although
limited exceptions to this general rule exist, Plaintiffs have failed to carry their burden of
demonstrating that an established exception justifies supplementation here. This Court should reject
Plaintiffs' invitation to venture beyond the confines of the record when reviewing the challenged

agency actions.  Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519,

549 (1978) (as long as there is a contemporaneous explanation, the agency decision must "stand or

fall on the propriety of that finding.").  Accordingly, the documents must be stricken along with any

reference to such extra-record materials in Plaintiffs' Memorandum in Support of Motion for

Summary Judgment.

## PROCEDURAL BACKGROUND

On June 1, 2004, NMFS published an Advance Notice of Proposed Rulemaking ("ANPR")

for Right Whale Ship Strike Reduction. 69 Fed. Reg. 30,857, also located at NMFS AR 20[1/].  On

May 19, 2005, NMFS received Plaintiffs' Petition seeking emergency regulations to reduce the risk

of ship strikes.  NMFS AR 12.  On June 22, 2005, NMFS published a Notice of Intent to prepare an

Environmental Impact Statement ("EIS"), pursuant to the National Environmental Policy Act

("NEPA") with regard to the potential ship strike regulations. 70 Fed. Reg. 36,121; also located at

NMFS AR 9.  On September 29, 2005, NMFS made a final determination that Plaintiffs'

Rulemaking Petition was not warranted at this time. 70 Fed. Reg. 56,884; also located at NMFS AR

1. On November 9, 2005, Plaintiffs filed the instant suit challenging the NMFS' final determination

on their petition.  On January 12, 2006, Plaintiffs amended their complaint with allegations that

Section 7(a)(2) of the ESA, 16.U.S.C. § 1536(a)(2) requires the Coast Guard to engage in ESA

consultation on specific traffic separation schemes.

The agencies filed their administrative records on March 31, 2006.  NMFS filed an amended

administrative record on May 2, 2006.  The Coast Guard supplemented its administrative record

with an additional document on May 19, 2006, and NMFS supplemented its record on May 26,

---

[1/] For consistency, Defendants will use the same citation system employed by Plaintiffs in their Motion
for Summary Judgment.

2006, with a complete copy of an administrative record document which had missing pages. Plaintiffs filed their motion for summary judgment, and accompanying motion to supplement the administrative records, on June 2, 2006.

**STANDARD AND SCOPE OF REVIEW**

Plaintiffs' claim for judicial review of NMFS' denial of their request for emergency rulemaking is an APA Section 706(2)(A) claim, alleging that NMFS' action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Likewise, judicial review of Plaintiffs' claim against the Coast Guard, while brought pursuant to the ESA citizen-suit provision, 16 U.S.C. § 1540(g)(1)(A), is also bounded by the principles of the APA. Cabinet Mountains Wilderness v. Peterson, 685 F.2d 678, 685 (D.C. Cir. 1982). The APA directs the court to "review the whole record or those parts of it cited by a party." 5 U.S.C. §706; Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 549 (1978). The Supreme Court and D.C. Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Edison Elec. Inst. v. OSHA, 849 F.2d 611, 617-18 (D.C. Cir.1988); EDF v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981).

It is well-established that, under the APA, a reviewing court should determine agency compliance with the law solely on the record on which the decision was made. Citizens to Preserve Overton Park v. Volpe, 401 U.S 402, 419 (1971). The Supreme Court has emphasized repeatedly the strict limitations the APA imposes on judicial review:

> We have made it abundantly clear before that when there is a contemporaneous explanation of the agency decision, the validity of that action must "stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then

the [agency] decision must be vacated and the matter remanded to [the agency]
for further consideration." Camp v. Pitts, 411 U.S. 138, 143 (1973).

Vermont Yankee, 435 U.S. at 549.  The standard of review under the APA is "highly

deferential," and "presumes agency action to be valid." Ethyl Corp. v. EPA, 541 F.2d 1, 34

(D.C. Cir. 1976) (citing Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415 (1971));

Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin., 429 F.3d 1136,

1144 (D.C. Cir. 2005) ("A party challenging an agency's rulemaking has the burden of showing

that the agency action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law.'" (quoting 5 U.S.C. § 706(2)(A)).

The practice of supplementing the record for judicial review is the exception rather than

the rule.  See San Luis Obispo Mothers for Peace v. NRC, 751 F.2d 1287, 1324 (D.C. Cir. 1984).

Supplementation is not permitted simply as a means for plaintiffs to question the wisdom or

correctness of an agency's decision.  See EDF v. Costle, 657 F.2d at 285.  This is so because

"[t]he court is not empowered to substitute its judgment for that of the agency." Overton Park v.

Volpe, 401 U.S. at 416.  Indeed, this Court is to "give an extreme degree of deference to the

agency when it 'is evaluating scientific data within its technical expertise.'" Huls Am., Inc. v.

Browner, 83 F.3d 445, 452 (D.C. Cir. 1996) (quoting Int'l Fabricare Inst. v. EPA, 972 F.2d 384,

389 (D.C. Cir. 1992)).

There are, however, limited circumstances in which a reviewing court may consider

supplementation.  D.C. Circuit law holds that a party desiring to supplement the record must

demonstrate one of the applicable factors: (1) it appears that the agency has deliberately or

negligently excluded documents adverse to its decision; (2) supplementation of the record

provides essential background information necessary to determine whether the agency

4

considered all relevant factors; (3) the agency has failed to explain its administrative action so as to frustrate effective judicial review; or (4) it appears that the agency acted in bad faith.  James Madison, Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996); Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs, Civ. No 010273 (TFH), 2005 WL 691775, at *10 (D.D.C. March 23, 2005).

## ARGUMENT

Much of what Plaintiffs seek to introduce is simply meant to hammer home their position that right whales need additional protection, which they would prefer in the form of emergency regulations restricting vessel speed in areas of right whale concentration.  However, many of the points that Plaintiffs seek concerning the status of the species and whether the government should engage in further regulation are not at issue in this case, and are already contained in the administrative record.  See NMFS AR 20.  When examining the proper scope of the administrative record, the Court and the parties must bear in mind the narrowness of Plaintiffs' challenge.  This Court is to review the reasonableness of NMFS' petition denial, based on the decision that the best course of action was to continue implementation of a comprehensive strategy, instead of imposing measures in piecemeal fashion,  NMFS AR 3, BN 9.  NMFS' action was not based on a denial of the need for proposals of further measures.  NMFS AR 20. With these overall considerations on the proper scope in mind, Defendants address the specific documents proffered by Plaintiffs.

**A.    The Court Should Not Consider the Photographs Submitted by Plaintiffs.**

Plaintiffs seek to introduce two photographs, proffered as Exhibit 2, purporting to depict right whale mortality caused by a ship strike.  First, Plaintiffs neglect to even address these

photographs in their motion for supplementation, and did not inform the government of their intent to use such photographs.  It is clear that the Court may not consider materials outside of the record unless it finds that an exception to the record review rule has been met.  Plaintiffs do not even attempt to satisfy this burden with respect to Exhibit 2.  Furthermore, the record should not be supplemented with Exhibit 2 because it is irrelevant - it is undisputed that ship strikes are a cause of whale mortality.  At least one court has declined to supplement an administrative record with photographs in a very similar situation.  In Strahan v. Linnon, the plaintiff filed suit against the Coast Guard and NMFS, alleging violations of the ESA, the MMPA, and the APA regarding the manner in which they addressed the impacts of Coast Guard activities on right whales.  In support of his summary judgment motion, the plaintiff sought to introduce photographs of right whales entangled in fishing gear.  The court declined to consider these photographs, stating "I do not find this information relevant because it is conceded by all parties that many whale mortalities are caused by human-whale interactions. This is not an issue in this case." Strahan v. Linnon, 966 F.Supp. 111, 115 (D. Mass. 1997).  This Court should apply the same rationale and deny supplementation of the records with Exhibit 2, as the government has publicly recognized that whale mortalities are caused by ship strikes.  NMFS AR 20 BN 503.

Finally, assuming *arguendo* that the Court could supplement the record with photographs of whales struck by ships, the specific photographs in Exhibit 2 should not be admitted.  While Plaintiffs assert that the photographs provide visual proof of ship strikes, see Pls' Mot. for Summary Judgment at 13, Plaintiffs fail to provide an adequate foundation to support this claim.  Plaintiffs fail to identify the circumstances surrounding which the photographs are taken.  There is no indication or testimony to support the claim that the injuries suffered by the whale are

consistent with a ship strike. From the photographs, there is no basis to determine if the cause of

mortality is due to some other factor, such as disease. As such, Plaintiffs have not provided any

foundation for their claim that these photographs are relevant to judicial review of the challenged

agency actions.

**B.    The Court Should Not Supplement the Administrative Records with the Scientific
        Studies.**

Plaintiffs offer ten scientific papers for supplementation concerning the status of the

species, risks from ship strikes, and recommendations for protective measures. As an initial

tactic, Plaintiffs argue that the NMFS-generated scientific documents were *de facto* "before" the

decisionmaker and are part of the administrative record. However, simply because NMFS has

generated past documents concerning right whales, and/or ship strikes, does not mean that this

entire realm of documents are properly part of the judicial review of the petition denial.

Furthermore, the legal argument that all agency documents are necessarily "before" the

decisionmaker and part of the record has been previously rejected.[2/]

Plaintiffs also argue that the other scientific studies, proffered Exhibits 14, 25, 30, 32,

_____

[2/]       Rejecting the same argument, a district court in the District of Columbia stated:

> [A]dopting the other extreme by interpreting the word "before" so broadly as to
> encompass any potentially relevant document existing within the agency or in the hands
> of a third party would render judicial review meaningless. *E.g.,* Kent County v. Envtl.
> Prot. Agency, 963 F.2d 391, 396 (D.C.Cir.1992) (concluding that the Environmental
> Protection Agency need not "find *all* documents discussing filtration located in *any*
> office" of the agency) (emphasis in original); [Env. Def. Council v. Blum, 458 F.Supp.
> 650, 661 n. 4 (D.C. Cir. 1978)] (stating that an agency may exclude relevant
> information available from third parties).

Fund for Animals v. Williams, 245 F.Supp.2d 49, 57 n. 7 (D.D.C. 2003), *vacated on other grounds,*
428 F.3d 1059 (D.C. Cir. 2005).

and 33, are contained on NMFS' websites[3], and that NMFS "plainly" should have relied on in them "in its decision-making concerning protective measures for right whales." Pls' Mot. At 6. Once again, Plaintiffs incorrectly attempt to broaden the scope of the agency action under review. The administrative record already contains NMFS' position on the need for further protective measures for right whales. NMFS AR 20. The proffered documents are simply irrelevant to judicial review of the reasonableness of NMFS' denial of the petition for emergency rulemaking, based on the rationale provided by the agency[4].

Plaintiffs also proffer Exhibits 10, 11, and 31, various articles published in scientific journals which are not associated with NMFS, and not posted on any of NMFS' websites. As with the other scientific articles, these are irrelevant because the general science concerning the right whales is not in dispute, and was not the rationale for denial of Plaintiffs' petition for rulemaking. The rationale behind the denial, see NMFS AR 1, 3, focuses on timing of implementing further regulation and the agency's analysis of how to best utilize its limited resources. None of these proffered exhibits are relevant to the Court's review of the reasonableness of the agency action.

Finally, Plaintiffs argue that if NMFS did not consider these scientific papers in

---

[3] Indeed, the fact that they are posted on NMFS' websites, http://www.nmfs.noaa.gov/pr/shipstrike/ and http://www.nero.noaa.gov/shipstrike/, indicate that NMFS has considered them, with respect to the broader issue of how to shape further measures to protect right whales.

[4] Plaintiffs previously informed NMFS that it believed that these documents should be part of the administrative record. See Att. 3 to Pls' Mot. NMFS reaffirmed its position that the proper administrative record for Plaintiffs' claim was very narrow, and that the need for further regulation is not in dispute. See Att. 4 to Pls' Mot. However, upon Plaintiffs' proposal that they would not seek to add these materials to the administrative record, see Att. 3, Defendants agreed that they would not object to the use of materials posted on NMFS' websites for background purposes only. See Att. 4. Plaintiffs do not explain their departure from their previous position.

connection with their petition, the Court should admit the documents to evaluate whether the agency failed to examine relevant data. Pls' Mot. At 6. This argument fails for the same reasons discussed above. When evaluating Plaintiffs' request for immediate regulation of vessel speed, NMFS did not necessarily need to review all scientific work on right whales. Indeed, the emergency regulations that Plaintiffs proposed closely track the very same speed restrictions that were outlined as a regulatory option in the Advanced Notice of Proposed Rulemaking. Compare NMFS AR 12 BN 3-4 with NMFS AR 21 BN 503-506. The validity of Plaintiffs' proposal was not the rationale for the denial. See NMFS AR 3 BN 9 ("we are in the process of developing and analyzing a broad ship strike reduction strategy that includes routing changes and ship speed restrictions along the eastern seaboard"). Accordingly, the Court should deny Plaintiffs' request to supplement the record with these ten scientific studies.

**C.     The Court Should Not Supplement the Records with the Federal Register Notices.**

Plaintiffs seek to supplement NMFS' administrative record with four Federal Register notices, proffered as Exhibits 8, 26, 27, and 28. While Exhibits 8 and 28 do concern right whales, again, they are outside the limited scope of the agency action before this Court. Exhibits 26 and 27 do not even address right whales, and are clearly not part of the administrative record supporting NMFS' action on Plaintiffs' petition. Furthermore, they concern requests for emergency rulemaking under an entirely different statute, the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801 *et seq*. While Plaintiffs may wish to rely upon these four Federal Register notices to support their argument on the merits of their case, it is clear that none of these Federal Register notices belong in NMFS' administrative record supporting the action taken on the petition.

9

With respect to the Coast Guard's administrative record, Plaintiffs submit two Federal Register notices published over 20 years ago, Exhibits 12 and 13, regarding general information on port access routes and TSSs. Plaintiffs do not attempt to argue that any of the exceptions apply to this document, but rather fall back on their general argument that the document was within the Coast Guard's possession, so therefore it was "before" the decisionmaker, which Defendants have addressed above. Plaintiffs' one-sentence explanation of why the Court should consider these documents is not convincing. The Coast Guard has filed a six-volume administrative record concerning the TSSs challenged in Plaintiffs' Complaint and Plaintiffs have not argued that the agency record on this point is so inadequate as to frustrate judicial review. <u>EDF v. Costle</u>, 657 F.2d at 285. Accordingly, the Court should refuse to supplement the record with Plaintiffs' Exhibits 12 and 13.

**D.    The Court Should Not Supplement the Record with Exhibit 7[5].**

Lastly, Plaintiffs proffer a 36- year-old Coast Guard document summarizing a survey on use of sealanes. This document was not considered by the Coast Guard in establishment of the TSS challenged in the complaint and is not properly part of the administrative record for those actions. Plaintiffs do not attempt to argue that any of the exceptions apply to this document, but rather fall back on their general argument that the document was within the Coast Guard's possession, so therefore it was "before" the decisionmaker, which Defendants have addressed above. In fact, Plaintiffs admit that the administrative record "demonstrates the relationship between the Coast Guard's TSSs and the presence of commercial vessels within TSS areas," but

---

[5] Although it stands by its earlier position, NMFS concedes that it does not vigorously object to supplementation of their administrative record with Exhibits 16 and 29.

state that this document "further confirms that relationship."  Pls' Motion to Suppl. at 9.  As circuit case law very clearly limits the Court's ability to go beyond the agency record to those circumstances where it has first determined that the agency record is so inadequate as to frustrate judicial review, EDF v. Castle, 657 F.2d at 285, Plaintiffs' admission that the record is sufficient on this point defeats their attempt to supplement the record with Exhibit 7.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to supplement the administrative records in the above-captioned case.

Respectfully submitted this 16th day of June, 2006,

> SUE ELLEN WOOLDRIDGE, Assistant Attorney General
> United States Department of Justice
> Environment and Natural Resources Division
> JEAN E. WILLIAMS, Chief
>
>   /s/ *Bridget Kennedy McNeil*
> BRIDGET KENNEDY McNEIL, Trial Attorney
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7369
> Washington, D.C. 20044-7369
> Tel: (202) 305-0388/ Fax: (202)305-0275
> bridget.mcneil@usdoj.gov
>
> Attorneys for Federal Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of June, 2006, I electronically filed the

foregoing FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO

SUPPLEMENT THE ADMINISTRATIVE RECORDS with the Clerk of Court using the

ECF/CM system, which will generate an electronic Notice of Filing on:

**Howard M. Crystal**
howardcrystal@meyerglitz.com

**Eric Robert Glitzenstein**
eric@meyerglitz.com

Pursuant to the Court's mailing information for this case, listed on the ECF system, no

parties require manual noticing.


_Bridget Kennedy McNeil_____

12