UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE *et al.*,                              ) | |
| ) | Case No. 1:05CV02191 |
| Plaintiffs,                              ) | |
| ) | |
| v.                              ) | |
| ) | |
| CARLOS GUTIERREZ *et al.*,                              ) | |
| ) | |
| Defendants.                              ) | |
| _____) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

In accordance with LCvR 7(h), Federal Defendants hereby respond to Plaintiffs' Statement of Material Facts as to Which There is No Genuine Dispute as follows:

1.     With respect to the first sentence, Defendants do not dispute that the quotation is found in 59 Fed. Reg. 28,793 (June 3, 1994), and that Pls' Ex. 9 at IA-1 would support a similar statement. With respect to the second sentence, Defendants do not dispute that these statements are contained in the record of this case.

2.     With respect to the first sentence, there is no citation to the record and it is not a factual statement. With respect to the second through fourth sentences, Defendants do not dispute that these statements are contained in the record of this case.

3.     With respect to the first sentence, Defendants do not dispute that the statement is supported by Pls' Ex. 9 at IE-1. In response to the second sentence, Defendants state that NMFS AR 20 at 30,858 only states that "Recent modeling exercises suggest that if current trends continue, the population could go extinct in less than 200 years (Caswell et. al., 1999). These models indicate that the loss of even a single individual may contribute to the extinction of the

1

species; likewise, according to the models, preventing the mortality of one adult female a year alters the projected outcome."; CG AR 48 states "Even a few incidental deaths may greatly affect the rate of increase in a drastically reduced population with such a long reproductive cycle."

4.     With respect to the first sentence, Defendants do not dispute that these statements are contained in the record of this case.  In response to the second sentence, CG AR 688 states only that "Mariners may have difficulty spotting right whales due to their dark coloration and their low profile when feeding at or beneath the surface, resting, or nursing."  With respect to the third sentence, there is no citation to the record and it is not a factual statement.

5.     In response to the first sentence, Defendants dispute the statement as it is not supported by any citation to the record.  With respect to the second sentence, NMFS AR BN 25 states "Six right whales three of them pregnant females have been struck and killed by ships in the past year alone."  With respect to the third sentence, Defendants do not dispute that the article submitted by Plaintiffs as their Exhibit 10, which is not part of the administrative record, states that the number of reproductive females killed in the last 25 years is unprecedented, but dispute the remainder of the sentence as a characterization of that article.  Defendants further respond that the same article notes that increased mortality reports may be due in part to improved sighting efforts and reporting awareness.

6.     In response to the first and second sentences, Defendants do not dispute that these statements are supported by Plaintiffs' Exhibit 10.  In response to the third sentence, Defendants dispute the statement as it is not supported by any citation to the record.  In response to the fourth sentence, Defendants do not dispute that this statement is contained in the record.

7.     In response to the first sentence, Defendants note that it is not supported by any citation to the record. In response to the second sentence, Defendants note that CG AR 26 states that Georges Bank is among the most productive continental-shelf ecosystems in the world, but does not support the rest of the statement. With respect to the third and fourth sentences, Defendants do not deny that these statements are supported by the record.

8.     Defendants do not dispute that the statements are contained in 59 Fed.Reg. 28,793 (June 3, 1994).

9.     Defendants do not dispute that the statements are contained in the administrative record.

10.    In response to the first sentence, Defendants state that CG AR 688 only states that Cape Cod Bay has a moderate level of commercial shipping in the area and further state that Paragraph 64 of their Answer to Plaintiffs' Amended Complaint states "the Coast Guard admits the TSSs identified by the plaintiffs separate opposing streams of traffic by establishment of traffic lanes, and that these TSSs are located in areas where right whales occur." In response to the second sentence, Defendants do not dispute the statement, but note that the citations do not precisely support this statement. In response to the third sentence, Defendants do not dispute that citations provided contain this statement.

11.    Defendants do not dispute that the statements are contained in the administrative record.

12.    Defendants do not dispute that these statements are contained in the record at NMFS AR 23.

13.    In response to the first sentence, Defendants do not dispute that right whales are located in, or adjacent to, several major shipping corridors, but note that CG AR 688 does not support this statement. Defendants do dispute the assertion that "Coast Guard measures concentrate ship

traffic into right whale use areas," and deny that the record or Plaintiffs' Exhibits 30, 31, 32, or 33 contain this statement.

14. With respect to the first sentence, Defendants dispute that the statement is contained in the administrative record and note that Plaintiffs' Exhibit 7 only provides evidence to vessel shipping practices from over 35 years ago. Defendants further dispute the statement as the term "marine vessels" is overbroad and includes vessels that cannot be said to routinely travel within designated TSSs, such as recreational vessels, fishing vessels, tugs and tows. Defendants also dispute the statement because it fails to recognize that ships that do use a TSS do so after their masters so decide, and that decision is made based on all the facts and circumstances attending the voyage of the particular vessel at issue. With respect the second sentence, Defendants do not dispute that Plaintiffs' Exhibit 6 contains this statement.

15. Defendants do not dispute that the statements are contained in Plaintiffs' Exhibit 6, but note that the second sentence should read "16 of 18 right whale deaths" instead of "10 of 18."

16. Defendants do not dispute that the statements are contained in 59 Fed.Reg. 28,793, 28,797; id. at 28,803.

17. With respect to the first sentence, Defendants do not dispute that both of the cited documents contain statements that ESA Section 7 requires Federal agencies to ensure that their actions are not likely to jeopardize either endangered species. With respect to the second sentence, Defendants state that the draft strategy identifies as one of five elements "a review of the need for ESA section 7 consultations with all Federal agencies who operate or authorize the use of vessels in waters inhabited by right whales, or whose actions directly or indirectly affect vessel traffic." 69 Fed. Reg. at 30,858.

18.     Defendants dispute the statement in the first sentence, as TSSs are established by the IMO, not the Coast Guard, see CG AR 1084-1093, 2124-2127, 2128-2133, 2518-24, 2138-2139, 2140-2159, 2530-37, 2538-56, but do not dispute that there are established TSSs in or near right whale habitat near numerous port areas along the East Coast.  In response to the second sentence, Defendants dispute the statement that "the Coast Guard has TSSs", for the same reason, but do not dispute that there are established TSSs in Casco Bay and Buzzards Bay, but dispute the statement that the Coast Guard is in the process of revising those TSSs, as the administrative record citations only demonstrate that the Coast Guard has performed a recent PARS on those areas.  In response to the third sentence, Defendant dispute the statement that the "Coast Guard also has TSSs", for the reason stated above, but do not dispute that there are established TSSs in New York, the Chesapeake Bay, and the Delaware Bay.  Defendants further dispute the statement that the TSSs off New York and Delaware Bay has undergone revision in the past six years is supported by the administrative record, but do not dispute that the administrative record supports the statement that the TSS in Chesapeake Bay was revised within the past six years.  In response to the fourth sentence, Defendants dispute the statement that "the Coast Guard also recently established a TSS", for the reason stated above, but do not dispute that the record supports the statement that there is an established TSS in Cape Fear.  In response to the fifth sentence, Defendants do not dispute that the statement is supported by the administrative record.

19.     Defendants dispute the statement in the first two sentences, as all of the challenged TSSs were established by the IMO, see CG AR 1084-1093, 2124-2127, 2128-2133, 2518-24, 2138-2139, 2140-2159, 2530-37, 2538-56, not by the Coast Guard codification in the Code of Federal Regulations.  Defendants do not dispute the statement in the third sentence.

20.    In response to the first sentence, Defendants do not dispute that the administrative record supports this statement. In response to the second sentence, Defendants do not dispute the statement, but qualify their response with the statement that NMFS informed the Coast Guard that the referenced PARS was not an action for the purposes of ESA Section 7 and therefore consultation was not required on the PARS. CG AR 992.

21.    Defendants dispute the statement that "the Coast Guard has an existing TSS" but do not dispute that the record supports the statement that there is an established TSS in the area of Cape Cod Bay, Race Point and the Great South Channel. Defendants further dispute the statement that the Coast Guard is rerouting this TSS; the administrative record demonstrates that the United States government has made a proposal to the IMO to adjust the existing TSS. CG AR 1086-93.

22.    Defendants dispute the statements in the first sentence because the Coast Guard does not establish TSSs, as discussed above. Defendants further dispute the statement that "the agency intends to put a TSS in place specifically to address right whale impacts" in the Southeast United States, as the record demonstrates only that two of the recommendations from the PARS are to establish precautionary areas at the entrance to the ports of Jacksonville and Fernandina Beach, Florida, and Brunswick, Georgia, and to establish six, two-way routes for these same ports. CG AR 1104. With respect to the second sentence, Defendants dispute that the Coast Guard establishes, revises, or maintains any of the challenged TSSs, as discussed above, and note that these are not supported by a citation to the record.

23.    Defendants do not dispute that the record supports the statement in the first sentence. In response to the second sentence, Defendants do not dispute that the statements are contained in Plaintiffs' Exhibit 14.

24. Defendants do not dispute that the statements are supported by the administrative record.

25. Defendants do not dispute that the statements are supported by the administrative record.

26. Defendants do not dispute that the statement in the first two sentence are supported by the administrative record, but additionally aver that NMFS received many comments supporting the regulatory measures outlined in the Advance Notice of Proposed Rulemaking. NMFS AR 19 BN 265-267, 269-272, 276, 280, 287, 311-17, 343-46, 354-83, 397-408, 418-22, 424-26, 430-36, 440-55, 458-501. Defendants do not dispute that the statements in the third sentence are supported by the administrative record.

27. Defendants do not dispute that these statements are supported by Plaintiffs' Exhibit 16.

28. In response to the first sentence, Defendants do not dispute that the administrative record supports the statement that NMFS did not enact an emergency rule restricting vessel speed in right whale concentration areas. In response to the second statement, Defendants do not dispute that the administrative record supports the statement that NMFS decided to prepare an Environmental Impact Statement.

29. In response to the first four sentences, Defendants do not dispute that the administrative record supports these statements. In response to the fifth sentence, Defendants do not dispute that Plaintiffs' Exhibit 10 supports this statement.

30. Defendants do not dispute that these statements are supported by the administrative record.

31. Defendants do not dispute that the statements in the first sentence are supported by the administrative record. With respect to the second sentence, Defendants do not dispute that the administrative record contains the quotation, but dispute that the quoted language was the "only"

rationale provided - NMFS also stated:

> Your petition does not present any new information about right whales that warrants promulgating a rule on an emergency basis rather than completing the ongoing rulemaking. Instead of imposing measures in piecemeal fashion, NMFS continues to believe that putting a comprehensive strategy in place is the best course of action.

NMFS AR 3 BN 9.

32.     Defendants do not dispute that these statements are supported by the administrative record.

33.     Defendants do not dispute the statement in the first sentence, but note that Plaintiffs fail to support this statement with any citation to the record.  With respect to the statements in the second sentence, Defendants do not dispute that one of these deaths was attributed to ship strike, but deny that the causes of death are known for the other two deaths.  With respect to the third sentence, Defendants do not dispute that Plaintiffs' Exhibit 21 contains this statement. Defendants dispute the fourth sentence, as NMFS has issued a proposed rule, 71 Fed.Reg. 36,299 (June 26, 2006) and Notice of Availability of the Draft EIS and economic analysis, 71 Fed.Reg. 38,640 (July 7, 2006).

34.     Defendants do not dispute that two of the cited Federal Register notices announce receipt of petitions for emergency rulemaking with a request for comments and that the third cited Federal Register notice implements temporary regulations to protect right whales implemented without prior notice and comment.

35.     With respect to the first two sentences, Defendants do not dispute that the record supports these statements.  Defendants dispute the third and fourth sentences, as NMFS has issued a proposed rule, 71 Fed.Reg. 36,299 (June 26, 2006) and Notice of Availability of the Draft EIS

and economic analysis, 71 Fed.Reg. 38,640 (July 7, 2006).

36.     Defendants dispute this statement.

37.     Defendants do not dispute that the declarations submitted by Plaintiffs contain such statements.

Respectfully submitted this 14th day of July, 2006.

> SUE ELLEN WOOLDRIDGE
> Assistant Attorney General
> United States Department of Justice
> Environment and Natural Resources Division
> JEAN E. WILLIAMS, Chief
>
>     /s/ *Bridget Kennedy McNeil*
> BRIDGET KENNEDY McNEIL, Trial Attorney
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7369
> Washington, D.C. 20044-7369
> Tel: (202) 305-0388/ Fax: (202)305-0275
> bridget.mcneil@usdoj.gov
>
> Attorneys for Federal Defendants