UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CARLOS GUTIERREZ, et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:05CV02191 <br><br><br> DECLARATION OF SAMUEL D. RAUCH, III |

I, Samuel D. Rauch, III declare as follows:

1.   I am employed by the National Marine Fisheries Service (NMFS), National Oceanic and Atmospheric Administration. My job title is Deputy Assistant Administrator for Regulatory Programs. As Deputy Assistant Administrator for Regulatory Programs, I review and have the delegated authority to authorize all of NMFS's proposed regulatory actions, including those to support protected resources, sustainable fisheries, and habitat conservation in both the national and international arenas.

2.   I base this declaration on my personal and official knowledge and information.

3.   On June 26, 2006, NMFS proposed a rule to implement speed restrictions on non-federal vessels 65 ft. (19.8 m) or greater in overall length in certain locations and at certain times of the year along the east coast of the U.S. Atlantic seaboard to reduce collisions with, and harm to, endangered North Atlantic right whales. See 71 Fed. Reg. 36299-36313. The public comment period on this rule closed on August 25, 2006 and was extended to October 5, 2006 due to the heightened interest of the public in this rulemaking. See 71 Fed. Reg. 46440.[1]

---

[1] The public comment period for a draft environmental impact statement on the proposed rule was also extended to October 5, 2006 because of the heightened interest of the public in this action. See 71 Fed. Reg. 46440.

4.  During the public comment period, NMFS received a total of 10,251 comments on the rule, and 120 comments on the accompanying draft environmental impact statement, prepared pursuant to the requirements of the National Environmental Policy Act, 41 U.S.C. § 4321 et seq. Of the public comments received on the proposed rule, 9,797 were form letters in support of the proposed rule; 254 were general support comments; 13 were general objection comments; 14 were specific and in-depth comments in support; 141 were specific and in-depth comments in opposition; 20 were mixed supportive and critical comments; and 12 were requests for an extension of the public comment period. In order to respond efficiently to these comments, NMFS grouped the subject matter of them into 27 different categories: alternatives, biology, draft environmental impact statement, dynamic management areas, economics, enforcement, environmental impacts, extension requests, Federal vessels, general support/objection, hydrodynamics, legal authority, monitoring and adaptive management, navigation/safety, operational measures, other, questions about data/science, recreational fishing impacts, region/geography, routing measures, the proposed rule, seasonal management areas, speed, technology, urgency, vessel type/size, and whale watching vessels.

5.  Of the substantive comments NMFS received, most of them involved issues concerning economics, enforcement, navigational safety, dynamic management areas and seasonal management areas, and vessel size/type that are part of the human environment, and NMFS will have to carefully consider them prior to taking final action. The complexity of these issues and their tendency to cut across areas of responsibility of various Federal agencies requires NMFS to coordinate with other Federal agencies to determine how best to respond to the comments and to decide whether and how the draft environmental impact statement and the proposed rule needs to be adjusted in response.

6. Since the close of the comment period, NMFS is moving as expeditiously as possible to complete an assessment of the comments so that NMFS may make a final decision about the proposed speed restriction measures.

7. NMFS is also consulting with itself pursuant to section 7 of the Endangered Species Act, 16 U.S.C. § 1536(a)(2) to determine whether the proposed action is likely to jeopardize the continued existence of the North Atlantic right whale. This consultation process will take several months to conclude due to the complexity of the issues involved.

8. Furthermore, before NMFS could take final action, NMFS would need to publish the final environmental impact statement and record of decision. Under 40 C.F.R. § 1506.10(b)(2), NMFS cannot take final action until 30 days after the publication of the final environmental impact statement.

9. In addition to the proposed rule, NMFS is moving forward with other measures designed to protect North Atlantic right whales from collisions with vessels. For example, on or about November 17, 2006, based on NMFS's recommendation and the U.S. Coast Guard's endorsement, the National Ocean Service's Office of Coast Survey plans to publish on nautical charts recommend routes for mariners arriving and departing various U.S. east coast ports that will help them avoid areas known to contain high concentrations of right whales during certain times of the year. This publication will be followed by a U.S. Coast Guard's Broadcast Notice to Mariners informing them of the recommended routes. These recommended routes will alleviate the threat to North Atlantic right whales from vessel strikes as the whales aggregate in waters of the southeast U.S. in winter. Moreover, on November 8, 2006, NMFS submitted to the Office of the Federal Register an emergency regulation and a proposed regulation to publish on November 15, 2006. Both regulations will prohibit gillnet fishing or gillnet possession November through

April in waters off the U.S. Southeast coast to protect calving and nursing North Atlantic right whales and their calves on the calving grounds in the Southeast U.S. during annual calving periods (generally, November through April). The emergency regulations will implement these protective measures from November 15, 2006 through April 15, 2007 whereas the proposed rule will permanently implement these measures for future calving seasons (November through April). These rules also implement and amend already existing Atlantic Large Whale Take Reduction Plan regulations at 50 CFR § 229.32.

10.     Although NMFS is taking proactive measures to protect North Atlantic right whales, its ability to continue doing so in the short term is being affected by financial constraints due to the absence of a budget for Fiscal Year 2007. Federal agencies, including NMFS, are currently operating under a temporary appropriations measure called a Continuing Resolution, in effect until November 17, 2006, at which time Congress could pass a budget for such agencies or extend the Continuing Resolution until it passes a budget. The Continuing Resolution provides funding at whichever is lowest of House marks, Senate marks, or the past year's (Fiscal Year 2006) funding levels. This situation is placing great stress on NMFS's resources to implement the final rule as quickly as possible. For example, the uncertain budget situation jeopardizes NMFS's ability to allocate the money necessary to monitor and enforce compliance with the rule's provisions through the use of agents, ships, aircraft, and land-based.

11.     As NMFS has to respond to over 10,000 public comments received on its proposed rule, consult with other Federal agencies affected by this rule, consult with itself for purposes of section 7 of the ESA, finish a final environmental impact statement and record of decision, and wait 30 days prior to the implementation of proposed ship strike measures, NMFS anticipates that it will not take final action on the proposed rule before June 2007.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this ___9th___ day of November, 2006 at Silver Spring, Maryland.

Samuel D. Rauch, III
Deputy Assistant Administrator
National Marine Fisheries Service
SSMC3, Rm. 14
Silver Spring, MD  20910
(301) 713-2239 x193