UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Defenders of Wildlife, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 05-2191 (PLF) |
| ) | |
| v. ) | |
| ) | |
| Carlos Gutierrez, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' NOTICE OF FILING
REGARDING COAST GUARD TRAFFIC SEPARATION SCHEMES**

In response to the Court's inquiry concerning the U.S. Coast Guard's Traffic Separation Schemes ("TSS") at the March 16, 2007 hearing on this matter, plaintiffs submit the following citations to the Administrative Record ("AR") for the Court[1]:

**1.      The Casco Bay TSS**

The AR reflects that the last time the Coast Guard made a decision concerning the Casco Bay TSS was in 1982, at which time, after conducting a Port Access Route Study ("PARS") under the Ports and Waterways Safety Act ("PWSA"), 33 U.S.C. § 1223(c), the agency concluded that "the existing TSS in the approaches to Portland, Maine is adequate . . . ." CG AR 1121 (70 Fed. Reg. 7067, 7068 (2005)). Pursuant to the PWSA, a new PARS has been initiated in this area. Id.

---

[1] Plaintiffs understand that the Coast Guard is answering the Court's question by referring to materials outside the AR. Plaintiffs obviously have not had an opportunity to review those materials, and explain to the Court their bearing on the issues presented here. Accordingly, in the event the Coast Guard does submit such materials, and because plaintiffs' principal counsel will be out of the country for the next three weeks, plaintiffs respectfully request an opportunity to file a brief response to any such extra-record materials filed by the Coast Guard within thirty days.

### 2.     **The Boston TSS**

The AR reflects that, pursuant to the PWSA, the Coast Guard recently conducted a PARS for, and determined what changes were necessary to, the Boston TSS in order to address the threat of ship strikes to the North Atlantic right whale.  CG AR 674 (70 Fed. Reg. 8312 (2005)); see also 71 Fed. Reg. 29,876 (2006).  In March 2006, the Coast Guard submitted a proposed amended Boston TSS to the International Maritime Organization ("IMO") for adoption as international standards.  CG AR 1085.

### 3.     **Narragansett Bay and Buzzards Bay TSS**

The AR does not reflect when the TSS in this area was first established, but in 2003 the Coast Guard initiated a PARS to evaluate the TSS in this area.  CG AR 1218 (68 Fed. Reg. 74,199).

### 4.     **New York TSS**

The AR reflects that the Coast Guard published the New York TSS in the Code of Federal Regulations (C.F.R.) in September, 1987.  CG AR 1284 (52 Fed. Reg. 33,587).  The Federal Register notice for this TSS explicitly states that the rule "will repromulgate the TSS Off New York under the Ports and Waterways Safety Act (PWSA) and incorporate it into Part 167 Title 33 of the Code of Federal Regulations."  See 33 C.F.R. Part 167.150, et seq. (CG AR 2165)(emphasis added).

**5.   Delaware Bay TSS**

The AR reflects that in March, 2000, the Coast Guard published the Delaware Bay TSS in the C.F.R.  CG AR 1807 (65 Fed. Reg. 12,944); see also 33 C.F.R. Part. 167.170, et seq. (CG AR 2166).  Previously, the Coast Guard had conducted a PARS, after which the agency announced that it would "initiate rulemaking and seek IMO approval" of the change.  CG AR 1300 (60 Fed. Reg. 49,237, 49,239 (1995)).  The Coast Guard subsequently issued its Notice of Proposed Rulemaking for the TSS, in which it "propos[ed] to amend" the TSS.  CG AR 1800 (62 Fed. Reg. 25,576 (1997).  In the rulemaking, the Coast Guard considered the impacts of the TSS as required by the Regulatory Flexibility Act, 5 U.S.C. § 601, et seq.; the Paperwork Reduction Act, 44 U.S.C. § 3501, et seq.; the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et. seq.; and several Executive Orders – but not Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536.  CG AR 1802-03; see also CG AR 1808-1810 (similar discussion in Final Rule).

**6.   Chesapeake Bay TSS**

The AR reflects that in April, 1994, the Coast Guard published the Chesapeake Bay TSS in the C.F.R.  CG AR 1828 (59 Fed. Reg. 21,935); see also 33 C.F.R. Part 167.200, et seq. (CG AR 2166-67).  In that Notice, the Coast Guard explained that, "[t]he authority to establish TSSs and shipping safety fairways, where necessary, to provide safe access routes for vessels proceeding to or from U.S. ports is committed to the Coast Guard by Federal Statute." CG AR 1832 (59 Fed. Reg. at 21,937)(emphasis added); see also 33 C.F.R. § 167.200 on Westlaw ("AUTHORITY: 33 U.S.C. § 1223").  In April, 2004, the U.S. Coast Guard submitted the amended TSS to the IMO for adoption as international standards, CG AR 2128, and the agency

subsequently announced that the changes became effective July 1, 2005.  CG AR 2162.  As with the Delaware TSS, in proposing this change the Coast Guard considered its responsibilities under numerous other federal statutes and Executive Orders, but not the ESA.  CG AR 1822; see also CG AR 1831-32 (similar discussion with Final Rule).

    **7.**    **Cape Fear TSS**

The AR reflects that on July 1, 2005 the Coast Guard announced the implementation of a TSS for Cape Fear.  CG AR 2559.  According to the agency's Federal Notice, in addition to the adoption of the established route as international standards by the IMO, "[t]he addition of the TSS to the Code of Federal Regulations (CFR) will be accomplished through the rulemaking process."  CG AR 2529 (69 Fed. Reg. 18476 (2004)).

    Respectfully submitted,

    /s/
Michael P. Senatore (D.C. Bar No. 453116)
Andrew Hawley (Cal. Bar No. 229274)
Defenders of Wildlife
1130 Seventeenth Street, N.W.
Washington, D.C.  20036

Howard M. Crystal
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C.  20009
(202) 588-5206

March 23, 2007    Attorneys for Plaintiffs