UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Defenders of Wildlife, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.  05-2191 (PLF) |
| v. ) | |
| ) | |
| Carlos Gutierrez, et al. ) | |
| ) | |
| Defendants. ) | |

**SETTLEMENT AGREEMENT AND PROPOSED ORDER**

1. Claim Two of Plaintiffs' Amended Complaint alleges that the United States Coast Guard is violating Section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), by failing to consult with the National Marine Fisheries Service ("NMFS") concerning the impacts of Traffic Separation Schemes ("TSS") on the North Atlantic right whale and its critical habitat.

2. In light of the D.C. Circuit's ruling reversing the dismissal of this Claim and remanding to the District Court for further proceedings, see Defenders of Wildlife v. Gutierrez, 532 F.3d 913 (D.C. Cir. 2008), the parties have negotiated a good faith resolution of the Claim in order to avoid further litigation.  Accordingly, without making any concessions of law or fact, the Plaintiffs and the United States Coast Guard (hereinafter the "parties"), by and through their undersigned counsel, hereby agree, subject to the Court's approval, to the following:

A. Pursuant to the ESA and implementing regulations, the Coast Guard will enter into and complete Section 7(a)(2) consultation concerning the effects of the following TSSs on the North Atlantic right whale and its critical habitat:  Delaware Bay, Chesapeake Bay, and Cape Fear (Beaufort).  The Coast Guard will submit a complete consultation package – including a

Biological Assessment pursuant to 50 C.F.R. § 402.12 – for each of these consultations, the first no later than April 1, 2009; the second no later than October 1, 2009; and the third no later than April 1, 2010.  The Coast Guard will promptly provide to plaintiffs' counsel (a) the consultation packages, after they are submitted to NMFS, and (b) any draft Biological Opinions, after they are received from NMFS.  The Coast Guard will also coordinate with NMFS in advance of these dates to ensure that consultation can be initiated on these dates, and the consultation(s) will be completed in accordance with 50 C.F.R. § 402.14.

  B. Although the Coast Guard expects that it will be able to meet the deadlines provided in this Settlement, in the event that unexpected circumstances make those deadlines impracticable, it shall promptly advise Plaintiffs and propose a new deadline.  Plaintiffs will not unreasonably withhold their consent to a Stipulation revising any such deadline.  In the unlikely event that the parties are unable to agree on such a Stipulation, the Coast Guard reserves the right to seek a modification of any deadline, which shall be granted for good cause.  Each party will bear its own costs, expenses, and attorneys fees associated with carrying out this paragraph.

  C. Pursuant to the ESA and its implementing regulations, the Coast Guard will complete Section 7(a)(2) consultation concerning any future TSSs, or modifications to other existing TSSs, in occupied North Atlantic right whale habitat or designated critical habitat, before the United States implements any new or modified TSSs in North Atlantic right whale habitat. Temporary suspension or modification of existing TSSs in North Atlantic right whale habitat which are necessary to address emergency navigation safety concerns are excluded from this paragraph.  However, should it be necessary to convert such a temporary suspension or

modification to a permanent modification of the affected TSS, the Coast Guard will commence the consultation process in accordance with this paragraph.

   D. Pursuant to the Ports and Waterways Safety Act ("PWSA"), 33 U.S.C. § 1231(a) and the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, the Coast Guard will engage in the appropriate rulemaking process and publish each of the TSSs in occupied North Atlantic right whale habitat or designated critical habitat in the Code of Federal Regulations (C.F.R.). For each of the TSSs identified in paragraph 2.A. above, the consultation will be completed before a new final rule is published. The Coast Guard will complete the rulemaking for each existing TSS no later than the end of 2010, subject to the provisions of Paragraph 2.B above.

   E. Without making any concession of law or fact, with respect to any TSS approved by the IMO prior to the date of this Agreement, but not yet codified in the C.F.R., the plaintiffs waive any argument that they might otherwise assert that codification of the TSS triggers the consultation requirement under ESA Section 7(a)(2). Nothing in this paragraph relieves the Coast Guard of any obligation it may otherwise have to appropriately consider the impacts of these TSSs as part of any other ESA Section 7(a)(2) consultation conducted for North Atlantic right whales.

   F. Nothing in this agreement shall be interpreted as, or shall constitute, a commitment or requirement that the federal defendants obligate or pay funds, or take any other action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

   G. This civil action is dismissed with prejudice.

H.  This written agreement contains all of the agreements between the parties, and is intended to be the final and sole agreement between the parties.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect.

I.  The undersigned representatives of each party certify that they are authorized by the party or parties they represent to execute this Settlement Agreement.

J.  Nothing in this Agreement will or can be construed as precluding any plaintiff from challenging (a) the outcome of any Section 7(a)(2) consultation, (b) any decision of the Coast Guard to modify or establish any TSS in the future; and/or (c) any failure of the Coast Guard to modify existing TSSs in light of the outcome of the consultations required by Section 2.A. above.  Nothing in this Agreement will or can be construed as a waiver by the federal government of any defenses, claims, or arguments that may be asserted in response to such challenges.

K.  This Settlement Agreement is effective as of the date it is approved by, and made an order of, the Court.

L.  Defendants agree to pay the plaintiffs reasonable attorneys' fees and costs for this litigation, in the amount of $320,000.  Payment will be made by electronic transfer to Meyer Glitzenstein & Crystal.  Defendants' counsel will submit the paperwork requesting payment within ten (10) days of the Court's approval of this Agreement.

M. The Court will retain jurisdiction solely to enforce the terms of this Agreement.

Dated: December 5, 2008

Respectfully submitted,

/s/ Howard M. Crystal
HOWARD M. CRYSTAL (D.C. Bar No. 446189)
ERIC R. GLITZENSTEIN (D.C. Bar No. 358287)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C 20009
(202) 588-5206
hcrystal@meyerglitz.com

Attorneys for Plaintiffs

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JEAN E. WILLIAMS, Chief

/s/ Bridget Kennedy McNeil
BRIDGET KENNEDY McNEIL, Trial Attorney
Wildlife and Marine Resources Section
1961 Stout St., 8th Floor
Denver, CO 80294
Ph: 303-844-1484
bridget.mcneil@usdoj.gov

Attorneys for Defendants

It is so Ordered:   _____   _____
                    U.S. District Judge                Date